IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON and JENNIFER RICHARDS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LESAFFRE YEAST CORPORATION, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>CV-1:07CV163-MEF |

RECEIVED
2007 FEB 23 P 4:38
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### ANSWER OF DEFENDANT LESAFFRE YEAST CORPORATION

NOW COMES Defendant Lesaffre Yeast Corporation ("Lesaffre") and states for its defense:

### FIRST DEFENSE

As to the unnumbered paragraphs in plaintiffs' Complaint, Lesaffre states as follows:

### Nature of Action

Lesaffre admits that it owns and operates a yeast manufacturing plant in Headland, Alabama but denies that this case is appropriate for class action treatment. The remaining allegations in this paragraph are denied.

### Jurisdiction and Venue

Lesaffre admits that it owns and operates a yeast manufacturing plant in Headland, Alabama but denies that this case is appropriate for class action treatment. The remaining allegations in this paragraph are denied.

### Parties

With regard to the numbered paragraphs of plaintiffs' Complaint, Lesaffre states as follows:

1. Lesaffre does not know whether plaintiffs are residents of Henry County, Alabama or whether any property owned by plaintiffs is located near the Lesaffre Plant; therefore Lesaffre denies these allegations. Lesaffre denies that plaintiffs' property has been affected in any way by any act or omission of Lesaffre.

2. Lesaffre denies that this case is appropriate for class action treatment or that any putative class members were adversely affected by the operations of the Lesaffre Plant. The remaining allegations in Paragraph 2 are denied.

3. Lesaffre admits that it is a Delaware corporation doing business in Henry County, Alabama located at 13211 US Hwy 431 Headland, AL, 36345.

4. Lesaffre denies that co-defendant Dominique Ciboulet is a resident of Henry County, Alabama. Lesaffre admits that Mr. Ciboulet was the former plant manager of the Headland, Alabama plant but denies that he currently holds that position.

5. Paragraph 5 does not appear to be directed to Lesaffre. However, out of an abundance of caution, to the degree any allegation contained in Paragraph 5 is aimed at Lesaffre, it is denied.

## General Allegations

6. Lesaffre admits that it operates a yeast manufacturing facility in Headland, Alabama.

7. Lesaffre affirms that the yeast manufacturing process does indeed result in the manufacturing of yeast. Lesaffre further affirms that it operates its yeast manufacturing plant in

compliance with applicable regulations and standards. Lesaffre denies the remaining portions of Paragraph 7.

8.  Lesaffre admits that acetaldehyde is a by-product of the yeast manufacturing process and that it is regulated substance. Lesaffre denies the remaining allegations of Paragraph 8.

9.  Lesaffre admits that the yeast manufacturing process produces wastewater and that Lesaffre utilizes a land application process. Lesaffre further affirms that it operates its yeast manufacturing plant in compliance with applicable regulations and standards. Lesaffre denies the remaining portions of Paragraph 9.

10.  Lesaffre denies the allegations contained in Paragraph 10.

11.  Lesaffre denies the allegations contained in Paragraph 11.

12.  Lesaffre denies the allegations contained in Paragraph 12.

13.  Paragraph 13 does not appear to be directed to Lesaffre. However, out of an abundance of caution, to the degree any allegation contained in Paragraph 13 is aimed at Lesaffre, it is denied.

## Class Action Allegations

14.  Lesaffre adopts and incorporates its responses to Paragraphs 1-13.

15.  Lesaffre denies the allegations contained in Paragraph 15.

16.  Lesaffre denies the allegations contained in Paragraph 16.

17. Lesaffre denies the allegations contained in Paragraph 17.

18. Lesaffre denies the allegations contained in Paragraph 18.

19. Lesaffre denies the allegations contained in Paragraph 19.

20. Lesaffre denies the allegations contained in Paragraph 20.

21. Lesaffre denies the allegations contained in Paragraph 21.

22. Lesaffre denies the allegations contained in Paragraph 22.

23. Lesaffre denies the allegations contained in Paragraph 23.

## Count I - Nuisance

24. Lesaffre adopts and incorporates its responses to Paragraphs 1 –23.

25. Lesaffre denies the allegations contained in Paragraph 25.

26. Lesaffre denies the allegations contained in Paragraph 26.

27. Lesaffre denies the allegations contained in Paragraph 27.

## Count II - Negligence

28. Lesaffre adopts and incorporates its responses to Paragraphs 1 -27.

29. Lesaffre denies the allegations contained in Paragraph 29.

30. Lesaffre denies the allegations contained in Paragraph 30.

31. Lesaffre denies the allegations contained in Paragraph 31.

32. Lesaffre denies the allegations contained in Paragraph 32.

33. Lesaffre denies the allegations contained in Paragraph 33.

### Count III – Wanton Conduct

34. Lesaffre adopts and incorporates its responses to Paragraphs 1 -33..

35. Lesaffre denies the allegations contained in Paragraph 35.

### Jury Demand

36. Lesaffre denies that this case is appropriate for class action treatment or that any putative class members were adversely affected by the operations of the Lesaffre Plant. The remaining allegations in Paragraph 36 are denied.

### SECOND DEFENSE

All of the claims asserted by Plaintiffs fail to state a claim against Lesaffre upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs lack standing to bring some or all of the claims set forth in the Complaint.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by Alabama's rule of repose and/or prescription.

### FIFTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the applicable statutes of limitations.

### SIXTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the doctrine of waiver or estoppel.

### SEVENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the doctrine of laches.

### EIGHTH DEFENSE

Lesaffre is not guilty of the matters and things alleged in the Complaint.

### NINTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the doctrines of contributory negligence and assumption of the risk.

### TENTH DEFENSE

Lesaffre owed no duty to Plaintiffs.

### ELEVENTH DEFENSE

No action of Lesaffre was the proximate cause of any injury to Plaintiffs.

### TWELFTH DEFENSE

No action of Lesaffre was the actual cause of any injury to Plaintiffs.

### THIRTEENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by coming to the nuisance doctrine.

### FOURTEENTH DEFENSE

Plaintiffs failed to take reasonable steps available to mitigate the damages alleged to have been suffered and are, therefore, barred from recovery against Lesaffre.

## FIFTEENTH DEFENSE

Plaintiffs are not entitled to recover the damages described in the Complaint.

## SIXTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of consent.

## SEVENTEENTH DEFENSE

Imposition of punitive damages or damages for mental anguish in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

## EIGHTEENTH DEFENSE

The procedure and methods utilized for awarding punitive damages and damages for mental anguish in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

Unless Lesaffre's liability for punitive damages and damages for mental anguish and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Lesaffre's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTIETH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Lesaffre cannot be upheld, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate Lesaffre's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Lesaffre cannot be upheld, because an award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Lesaffre's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Lesaffre cannot be upheld, because an award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on such damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Lesaffre's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth

Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Lesaffre cannot be upheld, because an award of such damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate Lesaffre's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Lesaffre cannot be upheld, because an award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Lesaffre's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish cannot be upheld, because an award of such damages under state law without the same protections that are accorded criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses and to a speedy trial would violate Lesaffre's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights

to confront witnesses and to a speedy trial, and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because they have failed to exhaust all administrative remedies.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims should be dismissed or stayed pursuant to the primary jurisdiction doctrine.

### TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any are sought in this case, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Lesaffre would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process of law.

### TWENTY-NINTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clauses of the United States and Alabama Constitutions.

### THIRTIETH DEFENSE

Any punitive damage award in this case may not exceed those limits set forth in Ala. Code § 6-11-21, as amended. Lesaffre also pleads that any award of punitive damages against it must adhere to and comply with the provisions of Ala. Code § 6-11-21, as amended.

## THIRTY-FIRST DEFENSE

Plaintiffs have failed to meet the prerequisites for maintaining a class action pursuant to Fed. R. Civ. P. 23 because there is no commonality or typicality of claims nor can the named plaintiffs adequately represent the putative class and/or subclasses.

## THIRTY-SECOND DEFENSE

Plaintiffs proposed class action does not satisfy the requirements of Fed. R. Civ. P. 23 in that the individual issues predominate over common issues and a class action is not the superior method of dealing with these claims.

## THIRTY-THIRD DEFENSE

Plaintiffs have not joined the party or parties at fault for their alleged injuries. Lesaffre reserves the right to seek an allocation of fault.

## THIRTY-FOURTH DEFENSE

Plaintiffs lack standing to bring this lawsuit.

_____
One of the Attorneys for Lesaffre Yeast
Corporation

OF COUNSEL:
William S. Cox (wcox@lfwlaw.com)
Lana K. Alcorn (lalcorn@lfwlaw.com)
E. Hyde Carby (hcarby@lfwlaw.com)
**LIGHTFOOT, FRANKLIN
& WHITE, L.L.C.**
The Clark Building
400 20TH Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of February, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to :

Rhon E. Jones, Esq.
Beasley Allen Crow Methvin
    Portis & Miles PC
P. O. Box 4160
Montgomery, AL 36103-4160

Spencer W. Danzey, Esq.
Guner & Petersen LLC
P. O. Box 608
Abbeville, AL 36310

_____
OF COUNSEL