IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON AND JENNIFER RICHARDS, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. ) 1:07-CV-163 -MEF ) |
| LESAFFRE YEAST CORPORATION, et al. | ) ) ) ) Jury Trial Requested ) ) ) ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Come now the Plaintiffs, in the above styled cause, pursuant to Fed. R. Civ. P 15(a) and 28 U.S.C. § 1447(e), and move this Honorable Court for leave to amend the Complaint to add Dennis Barry as a party Defendant in the above action. In support of said motion Plaintiff shows as follows:

1. Plaintiffs seek to amend their complaint to add as a defendant Dennis Barry, the current Plant Manager of Lesaffre's Headland, Alabama facility. At the time of filing the Complaint, Plaintiffs believed Dominique Ciboulet to be the Plant Manager, as is stated in the Complaint. In their Answer and Notice of Removal, Defendants informed Plaintiffs that Ciboulet is no longer the Plant Manger.

2. Both Fed. R. Civ. P 15(a) and 28 U.S.C. § 1447(e) leave it within this Court's discretion to grant Plaintiffs' Motion for Leave to Amend Complaint. The four factors to consider when making this determination are 1) the extent to which the

purpose of the amendment is to defeat federal jurisdiction, 2) whether the plaintiff has been dilatory in seeking amendment, 3) whether the plaintiff would be significantly injured if the amendment was not permitted, and 4) any other factors bearing on the equities. *Sharp v. Wal-Mart Stores, Inc.,* 2007 WL 215644 (S.D. Ala. 2007) (granting motion for leave to amend complaint to add store manager as defendant), citing *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir. 1987).

a. The purpose of the proposed amendment is not to defeat federal jurisdiction. Instead, if granted, the amendment will simply name the proper individual defendants responsible for Plaintiffs' injuries and necessary to adjudicate these claims. It is Plaintiffs contention that the odor problem has gotten progressively worse over time. The current and former plant manager will be critical components of Plaintiffs' liability and damage theories in this case. How the plant has been operated over time will be a principal element of this case. The original Complaint named Ciboulet on the belief that he was serving as the Plant Manger at the time the case was filed. In addition, the Complaint named certain unknown fictitious defendants responsible for the Plaintiffs' harm. Thus, Plaintiffs' original intent was to include all individual defendants who were responsible for the status of the plant that caused the harm to Plaintiffs.

b. The Plaintiffs have not been dilatory in seeking amendment. This motion was filed seventy three (73) days from the original complaint filing. Additionally, this is the first amendment sought by Plaintiffs.

c. Plaintiffs contend that they would be significantly injured if the proposed amendment were not permitted. Plaintiffs are going to bring a claim against Mr.

        Barry whether this amendment is allowed or not. Additional expense and inconvenience will occur when the parallel action against the new Plant Manager, Dennis Barry, is filed. The additional time and money would not only affect the Plaintiffs but would also weigh on the Defendants as well as the judicial system.

3. Additionally, it is important to note that Plaintiffs do not wish to abandon claims against Ciboulet. Rather, Plaintiffs want add Dennis Barry as a Defendant. Both Ciboulet and Barry are integral to Plaintiffs' case.

4. Finally, the proposed amendment will in no way cause undue prejudice or delay, as no substantial discovery has begun yet in this matter. Additionally, the proposed amendment is in the interest of judicial economy in that it will allow the Court to adjudicate all relevant claims against all similarly situated Defendants in one lawsuit.

                                               /s/Rhon E. Jones  
                                               Rhon E. Jones (JON093)  
                                               Mary Pat O'Connor (OCO004)

Of Counsel:

Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103
334-269-2343
334-954-7555 (fax)

Spencer W. Danzey
Gunter & Peterson, L.L.C.
Post Office Box 608
Abbeville, Alabama 36310
334-585-2246
334-585-5392 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedures, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

William S. Cox
Lana K. Alcorn
E. Hyde Carby
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203
Attorney for Defendant
Lesaffre Yeast Corporation

/s/Rhon E. Jones
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MACON AND JENNIFER RICHARDS et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:07-CV-163 -MEF |
| LESAFFRE YEAST CORPORATION, et al., | ) ) ) | Jury Trial Requested |
| | ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Pursuant to Rule 23, Plaintiffs, individually and on behalf of a class of other people similarly situated, state as follows for their Class Action Complaint against Defendant Lesaffre Yeast Corporation (herein referred to as "Lesaffre"), Dominique Ciboulet, Dennis Barry and Fictitious Defendants AA through ZZ.

## NATURE OF ACTION

This is a civil action for declaratory relief, injunctive relief, equitable relief, compensatory and punitive damages on behalf of Plaintiffs and the other class members for bodily injury, emotional distress, and property damage arising from the intentional, knowing, reckless, and negligent acts and omissions of the Defendants by causing the Plaintiffs' and other class members' properties to repeatedly become permeated with a foul odor. The odor occurred in connection with Lesaffre's yeast manufacturing process and/or Lesaffre's wastewater disposal

system at, originating from, and/or otherwise attributable to, Lesaffre's facility in Headland, Henry County, Alabama (the "Lesaffre Plant").

## JURISDICTION AND VENUE

The Plaintiffs and all or many of the class members are residents of Henry County. The Plaintiffs and all or many of the class members affected properties are located in Henry County and Defendant Lesaffre does business and operates a yeast manufacturing plant in Henry County. In addition, the land on which Lesaffre performs its wastewater application process is located in Henry County; and the wrongful acts complained of herein occurred in Henry County, Alabama.

## PARTIES

1.  Plaintiffs, Macon and Jennifer Richards, are residents of Henry County, State of Alabama. Plaintiffs' property is located close to the Lesaffre Plant and/or areas affected by the odor originating from and/or otherwise attributable to the Lesaffre Plant and/or the lands Lesaffre utilizes for application of its wastewater. Due to the odorous compounds caused by the Lesaffre Plant and/or Lesaffre's wastewater application process, the value of Plaintiffs' property has been adversely affected.

2.  The class members, as defined more fully below, are residents of Henry County, State of Alabama, and/or other areas affected by the odor originating from and/or otherwise attributable to Lesaffre, including but not limited to operations of the Lesaffre Plant and/or its wastewater application process. Class members' property is located close to the Lesaffre Plant and/or areas affected by the odor originating from and/or otherwise attributable to the Lesaffre Plant and/or the lands Lesaffre utilizes for application of its wastewater. Due to the odorous

compounds caused by the Lesaffre Plant and/or Lesaffre's wastewater application process, the value of class members' property has been adversely affected.

3. Defendant Lesaffre Yeast Corporation is a Delaware corporation doing business in Henry County, Alabama located at 13211 US Highway 431 South, Headland, Alabama, 36345.

4. Upon information and belief, Defendant Dominique Ciboulet is a resident of the State of Wisconsin. Defendant Dominique Ciboulet is the former Plant Manager of the Lesaffre Plant located in Headland, Alabama.

5. Upon information and belief, Defendant Dennis Barry is a resident of Houston County, State of Alabama. Defendant Dennis Barry is the Plant Manager of the Lesaffre Plant located in Headland, Alabama.

6. Fictitious Defendants AA through ZZ are those individuals, partnerships, sole proprietorships, companies, corporations, or other entities who in any way caused, contributed to, or were responsible for the contamination of the properties of the Plaintiffs and/or class members and/or surrounding areas, whose identities are not presently known to Plaintiffs.

## GENERAL ALLEGATIONS

7. Lesaffre operates a yeast manufacturing facility in Headland, Alabama.

8. The yeast manufacturing process can cause the release of odorous compounds such as yeast and molasses. As a result, offensive odors envelop the surrounding community. Regularly, the odor reaches such a degree that neighboring landowners must shut their windows and remain inside to obtain relief.

9. In addition to the emission of malodorous compounds such as yeast and molasses, Defendant's manufacturing process also emits acetaldehyde. Not only does acetaldehyde impart

a pungent, suffocating odor at high concentrations, it is also a hazardous air pollutant as defined under Section 112 of the *Clean Air Act*.

10. The yeast manufacturing process results in the production of wastewater. In order to dispose of the wastewater, Lesaffre engages in a land application process. The application process involves the use of pivots to liberally distribute the wastewater onto many acres of land surrounding the facility. As a result of the application process, hay feed is grown which is then sold for a profit. The odor emitted from the application practice is highly offensive to adjacent landowners.

11. In committing the acts and omissions described herein, the defendants emitted an odor into the surrounding community which was so offensive that it interfered materially with the ordinary comfort of the Plaintiffs' existence.

12. In committing the acts and omissions described herein, the Defendants have acted clandestinely, illegally, intentionally, wantonly, willfully, fraudulently, negligently, and with gross negligence. The acts of the Defendants were done without regard for the property of the class and adjacent property, and the environmental integrity of the surrounding land. In addition, said acts were done without regard to the health and safety of these Plaintiffs. Furthermore, the Defendants' acts were done in disregard of the Defendants' duty of care to these Plaintiffs, in the creation and releasing of malodorous particles and emissions. Finally, the Defendants' conduct establishes a pattern and practice of intentional wrongful conduct, as well as actual malice.

13. The release of highly odorous compounds into the air by Defendants has adversely impacted and continues to adversely impact the value of those real properties in which Plaintiffs and other class members have an ownership or another possessory interest.

14. Defendant Dominique Ciboulet, as the former Plant Manager of Lesaffre's Headland facility, was responsible for supervision of the manufacturing processes of the facility, including the manufacturing and production of yeast as well as the use, discharge, and disposal of wastewater. Additionally, Defendant Dominique Ciboulet was responsible for ensuring that the manufacturing and wastewater disposal activities are performed in accordance with applicable standards of care, all applicable regulatory requirements and guidelines, and all applicable laws, and without harm to the environment and surrounding areas and persons who live in those areas.

15. Defendant Dennis Barry, as the Manager of Lesaffre's Headland facility, is responsible for supervision of the manufacturing processes of the facility, including the manufacturing and production of yeast as well as the use, discharge, and disposal of wastewater. Additionally, Defendant Dennis Barry is responsible for ensuring that the manufacturing and wastewater disposal activities are performed in accordance with applicable standards of care, all applicable regulatory requirements and guidelines, and all applicable laws, and without harm to the environment and surrounding areas and persons who live in those areas.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs repeat and reallege all prior allegations of this Complaint.

17. This civil action is an appropriate case to be brought as a class action by Plaintiffs against Lesaffre pursuant to Rule 23.

18. There exists a class of individuals who have been significantly exposed to the foul odor emanating from and/or otherwise attributable to Lesaffre, including but not limited to operations of the Lesaffre Plant and/or its wastewater application process. This class includes "all persons who have been or will be significantly exposed to the foul odor through releases,

whether direct or indirect, from the Lesaffre Plant and/or otherwise attributable to Lesaffre and/or under Lesaffre's control related to the operation of and/or disposal of materials at or from such facility, by ingestion of or other significant exposure to these materials in contaminated air; and all persons who have an ownership or other possessory interest in property, whose value is adversely affected by the foul odor contamination, through releases, whether direct or indirect, from Lesaffre's Plant and /or releases otherwise attributable to Lesaffre and/or under Lesaffre's control related to the operation of and/or disposal of materials at or from such facility." This class is composed of all individuals who own or owned property in Henry County, State of Alabama, that have been affected by the odor emanating from and/or otherwise attributable to Lesaffre, including but not limited to operations of the Lesaffre Plant and/or its wastewater application process. Additionally, Plaintiffs allege that the class encompasses less than one hundred (100) members.

19. Pursuant to Rule 23, the Class is sufficiently numerous that joinder of all of its members is impractical.

20. There are numerous common questions of law and fact with respect to the foul odor involving the Class Members (herein referred to as "Plaintiffs"). Among the questions common to the Class are: a) Whether Defendants created a private nuisance; b) Whether Defendants acted in a willful and wanton manner sufficient to constitute malice and demonstrate conscious indifference in the manufacturing of yeast and disposal of wastewater to a degree that there should be an imposition of punitive/exemplary damages. Therefore, within the meaning of Rule 23, common questions of law and fact clearly predominate over any questions affecting only individual members.

21. Class action treatment is also superior to other available methods in providing a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of the Plaintiffs can be fairly managed without unnecessary expense or duplication.

22. The claims of Plaintiffs, as Class Representatives, are typical of the claims of the members of the Class.

23. Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as Class Representatives, are consistent with those of the members of the Class. In addition, Plaintiffs and the Class they represent are represented by experienced and able counsel.

24. Because of the close proximity of the Plaintiffs' properties to the Lesaffre facility and surrounding land on which wastewater is applied, a substantial claim for property damages exist on behalf of all of the members of the Plaintiffs' class. In order to achieve maximum judicial economy and fairness to litigants, a class action is desirable to assure that an award of punitive damages is made in a single proceeding and fairly and uniformly allocated among all the members of the Class.

25. Certification of a class is therefore appropriate pursuant to Rule 23.

## COUNT I

### Nuisance

26. Plaintiffs repeat and reallege all prior allegations of this Complaint.

27. Lesaffre's acts and omissions with respect to the releases of foul odors caused and continue to cause a material, substantial, and unreasonable interference with Plaintiffs' and other

class members' use and enjoyment of their properties and has materially diminished and continues to diminish the value of such properties.

28. Lesaffre's material, substantial, and unreasonable interference with the use and enjoyment of Plaintiffs' and the other class members' properties and continuing material, substantial, and unreasonable interference with such use and enjoyment constitutes a continuing private nuisance.

29. Lesaffre's creation and continuing creation of a private nuisance proximately caused and continues to proximately cause damage to Plaintiffs and the other class members in the form of bodily injury, emotional distress, and property damage all of a type special and common to members of the class but not common to the general public for which the Defendants are liable.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and class members demand judgment against Defendants, individually, jointly, and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs, and such other relief the Court may deem just and equitable.

## COUNT II

### Negligence

30. Plaintiffs repeat and reallege all prior allegations of this Complaint.

31. At all relevant times, Defendants had a duty to exercise due care in the manufacturing of yeast and the disposal of process wastewater. As Plant Manager of the Lesaffre facility, defendant Dominique Ciboulet had a duty to administer and oversee the plant with due care. Additionally, Dominique Ciboulet had a duty to ensure that plant processes are executed with due care.

32.     The Defendants breached their duty of care by operating and managing the Lesaffre Plant and disposing of wastewater in such a manner as to negligently cause, permit, and/or allow the release of foul odor onto the property of Plaintiffs and other class members and/or failing to take timely, adequate, reasonable and sufficient steps to prevent the release of malodorous odors onto the property of Plaintiffs and other class members.

33.     The Defendants' negligent acts and omissions proximately caused and continue to proximately cause damage to Plaintiffs and other class members in the form of property damage and the creation of conditions that are harmful to human health and the environment.

34.     At all relevant times, Defendants knew or should have known that both their yeast manufacturing process as well as their wastewater application technique were contaminating the surrounding air with foul odors and that such odors would eventually enter Plaintiffs' and class members' properties.

35.     As a direct and proximate result of the acts and omissions of Defendants: 1) Plaintiffs and class members have lost the beneficial use, enjoyment, and exclusive possession of their property; 2) Plaintiffs' and class members' properties have declined in value and continue to decline in value as a result of the contamination; and 3) Plaintiffs and class members suffered and continue to suffer property damage, economic loss, and inconvenience in having to reside on property affected by the odor.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and class members demand judgment against Defendants, individually, jointly, and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs and such other relief that Plaintiffs and class members may be justly entitled to receive.

**COUNT III**

## Wanton Conduct

36. Plaintiffs repeat and reallege all prior allegations of this Complaint.

37. For several years, the Defendants have known of the serious effect which the release of malodorous compounds into the air had on the surrounding properties and their value. The Defendants consciously and deliberately released these compounds and deny their conduct with the full understanding of the dangers and consequences to the Plaintiffs. This conduct constitutes wantonness, said wantonness being a direct and proximate cause and/or contributing cause to the damages and injuries sustained by the Plaintiffs. The acts of the Defendants are willful, wanton, illegal, fraudulent, negligent and done in gross disregard for the property rights.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and class members demand judgment against Defendants, individually, jointly, and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs and such other relief that Plaintiffs and class members may be justly entitled to receive.

## JURY DEMAND

38. Plaintiffs and class members demand a trial by jury on all issues herein stated.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray that this Honorable Count enter judgment against Defendants, individually, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit as provided by law, and such other relief as the Court may deem just and equitable.

Respectfully submitted,

/s/Rhon E. Jones
Rhon E. Jones (JON093)
Spencer W. Danzey (DAN042)

Of Counsel:

Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103
334-269-2343
334-954-7555 (fax)

Gunter & Peterson, L.L.C.
Post Office Box 608
Abbeville, Alabama 36310
334-585-2246
334-585-5392 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>March 16, 2007,</u> the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedures, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

William S. Cox  
Lana K. Alcorn  
E. Hyde Carby  
Lightfoot, Franklin & White, L.L.C.  
The Clark Building  
400 20th Street North  
Birmingham, AL 35203  
Attorney for Defendant  
Lesaffre Yeast Corporation

                                                        /s/ Rhon E. Jones  
                                                        OF COUNSEL