IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON AND JENNIFER RICHARDS et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO. 1:07-CV-163 -MEF |
| LESAFFRE YEAST CORPORATION, et al., ) ) ) ) | |
| Defendants. ) | |

## MOTION TO REMAND

COMES NOW the Plaintiffs in the above-styled matter, by and through counsel, and hereby submit the following Motion to Remand this case to the Henry County Circuit Court. As grounds therefore, Plaintiffs show unto the Court the following:

This action was originally filed in the Henry County Circuit Court, but was removed to this Court on diversity grounds. (See Complaint, Ex. A; and Notice of Removal, Ex. B). On or about March 16, 2007, Plaintiffs filed a Motion for Leave to Amend Complaint to add individual Defendant, Dennis Barry, Lesaffre's current Plant Manager. If said motion is granted by this Court, the proposed First Amended Complaint will be deemed the operative complaint. As a result, the First Amended Complaint will include Dennis Barry as an individual defendant.

Upon information and belief, individually named defendant Dennis Barry is a resident of the State of Alabama. Because the named plaintiffs Macon and Jennifer Richards and the named defendant Dennis Barry are both residents of the State of

Alabama, complete diversity amongst the parties is not present for purposes of removal as required by 28 U.S.C.A. § 1332, et al. "It is axiomatic that lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit." *Ingram v. CSX Transp., Inc.,* 146 F.3d 858 (11th Cir. 1998), *citing Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). In *Ingram,* the Court held that diversity jurisdiction which had attached at the time of removal was destroyed when the district court granted Ingram's motion to add the City as a defendant, complete diversity no longer existed between the parties, thereby destroying subject matter jurisdiction." *Ingram,* at 861-62.

Additionally it is well settled law that, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A §1447(e). Therefore, if the Motion for Leave to Amend Complaint is granted Dennis Barry will be a non-diverse defendant. As a result, §1447(e) requires that this action be remanded to the Henry County Circuit Court for lack of subject matter jurisdiction.

/s/Rhon E. Jones
Rhon E. Jones (JON093)
Mary Pat O'Connor (OCO004)

Of Counsel:

Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103
334-269-2343
334-954-7555 (fax)

Spencer W. Danzey
Gunter & Peterson, L.L.C.
Post Office Box 608
Abbeville, Alabama 36310
334-585-2246
334-585-5392 (fax)

## CERTIFICATE OF SERVICE

     I hereby certify that on March 16, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedures, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

William S. Cox
Lana K. Alcorn
E. Hyde Carby
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203
Attorney for Defendant
Lesaffre Yeast Corporation

                                                        /s/ Rhon E. Jones
                                                        OF COUNSEL

IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

| | |
|---|---|
| MACON AND JENNIFER RICHARDS<br>on behalf of themselves and all others<br>similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LESAFFRE YEAST CORPORATION;<br>DOMINIQUE CIBOULET individually<br>and as Plant Manager of Lesaffre's<br>Headland facility; and FICTITIOUS<br>DEFENDANTS AA through ZZ,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO: CV-07-07<br>)<br>)   Jury Trial Requested<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Pursuant to Rule 23 of the Alabama Rules of Civil Procedure, Plaintiffs, individually and on behalf of a class of other people similarly situated, state as follows for their Class Action Complaint against Defendant Lesaffre Yeast Corporation (herein referred to as "Lesaffre"), Dominique Ciboulet, and Fictitious Defendants AA through ZZ.

## NATURE OF ACTION

This is a civil action for declaratory relief, injunctive relief, equitable relief, compensatory and punitive damages on behalf of Plaintiffs and the other class members for bodily injury, emotional distress, and property damage arising from the intentional, knowing, reckless, and negligent acts and omissions of the Defendants by causing the Plaintiffs' and other class members' properties to repeatedly become permeated with a foul odor. The odor occurred in connection with Lesaffre's yeast manufacturing process and/or Lesaffre's wastewater disposal system at, originating from, and/or otherwise attributable to, Lesaffre's facility in Headland, Henry County, Alabama (the "Lesaffre Plant").


PLAINTIFF'S EXHIBIT A

## JURISDICTION AND VENUE

Venue is proper in Henry County because the Plaintiffs and all or many of the class members are residents of Henry County; the Plaintiffs and all or many of the class members affected properties are located in Henry County; Defendant Lesaffre does business and operates a yeast manufacturing plant in Henry County; the land on which Lesaffre performs its wastewater application process is located in Henry County; and the wrongful acts complained of herein occurred in Henry County, Alabama.

## PARTIES

1. Plaintiffs, Macon and Jennifer Richards, are residents of Henry County, State of Alabama. Plaintiffs' property is located close to the Lesaffre Plant and/or areas affected by the odor originating from and/or otherwise attributable to the Lesaffre Plant and/or the lands Lesaffre utilizes for application of its wastewater. Due to the odorous compounds caused by the Lesaffre Plant and/or Lesaffre's wastewater application process, the value of Plaintiffs' property has been adversely affected.

2. The class members, as defined more fully below, are residents of Henry County, State of Alabama, and/or other areas affected by the odor originating from and/or otherwise attributable to Lesaffre, including but not limited to operations of the Lesaffre Plant and/or its wastewater application process. Class members' property is located close to the Lesaffre Plant and/or areas affected by the odor originating from and/or otherwise attributable to the Lesaffre Plant and/or the lands Lesaffre utilizes for application of its wastewater. Due to the odorous compounds caused by the Lesaffre Plant and/or Lesaffre's wastewater application process, the value of class members' property has been adversely affected.

3. Defendant Lesaffre Yeast Corporation is a Delaware corporation doing business in Henry County, Alabama located at 13211 US Highway 431 South, Headland, Alabama, 36345.

4. Upon information and belief, Defendant Dominique Ciboulet is a resident of Henry County, State of Alabama. Defendant Dominique Ciboulet is the Plant Manager of the Lesaffre Plant located in Headland, Alabama.

5. Fictitious Defendants AA through ZZ are those individuals, partnerships, sole proprietorships, companies, corporations, or other entities who in any way caused, contributed to, or were responsible for the contamination of the properties of the Plaintiffs and/or class members and/or surrounding areas, whose identities are not presently known to Plaintiffs.

## GENERAL ALLEGATIONS

6. Lesaffre operates a yeast manufacturing facility in Headland, Alabama.

7. The yeast manufacturing process can cause the release of odorous compounds such as yeast and molasses. As a result, offensive odors envelop the surrounding community. Regularly, the odor reaches such a degree that neighboring landowners must shut their windows and remain inside to obtain relief.

8. In addition to the emission of malodorous compounds such as yeast and molasses, Defendant's manufacturing process also emits acetaldehyde. Not only does acetaldehyde impart a pungent, suffocating odor at high concentrations, it is also a hazardous air pollutant as defined under Section 112 of the *Clean Air Act*.

9. The yeast manufacturing process results in the production of wastewater. In order to dispose of the wastewater, Lesaffre engages in a land application process. The application process involves the use of pivots to liberally distribute the wastewater onto many acres of land surrounding the facility. As a result of the application process, hay feed is grown which is then

sold for a profit. The odor emitted from the application practice is highly offensive to adjacent landowners.

10. In committing the acts and omissions described herein, the defendants emitted an odor into the surrounding community which was so offensive that it interfered materially with the ordinary comfort of the Plaintiffs' existence.

11. In committing the acts and omissions described herein, the Defendants have acted clandestinely, illegally, intentionally, wantonly, willfully, fraudulently, negligently, and with gross negligence. The acts of the Defendants were done without regard for the property of the class and adjacent property, and the environmental integrity of the surrounding land. In addition, said acts were done without regard to the health and safety of these Plaintiffs. Furthermore, the Defendants' acts were done in disregard of the Defendants' duty of care to these Plaintiffs, in the creation and releasing of malodorous particles and emissions. Finally, the Defendants' conduct establishes a pattern and practice of intentional wrongful conduct, as well as actual malice.

12. The release of highly odorous compounds into the air by Defendants has adversely impacted and continues to adversely impact the value of those real properties in which Plaintiffs and other class members have an ownership or another possessory interest.

13. Defendant Dominique Ciboulet, as the Plant Manager of Lesaffre's Headland facility, is responsible for supervision of the manufacturing processes of the facility, including the manufacturing and production of yeast as well as the use, discharge, and disposal of wastewater. Additionally, Defendant Dominique Ciboulet is responsible for ensuring that the manufacturing and wastewater disposal activities are performed in accordance with applicable standards of care, all applicable regulatory requirements and guidelines, and all applicable laws, and without harm to the environment and surrounding areas and persons who live in those areas.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs repeat and reallege all prior allegations of this Complaint.

15. This civil action is an appropriate case to be brought as a class action by Plaintiffs against Lesaffre pursuant to Rule 23 of the Alabama Rules of Civil Procedure.

16. There exists a class of individuals who have been significantly exposed to the foul odor emanating from and/or otherwise attributable to Lesaffre, including but not limited to operations of the Lesaffre Plant and/or its wastewater application process. This class includes "all persons who have been or will be significantly exposed to the foul odor through releases, whether direct or indirect, from the Lesaffre Plant and/or otherwise attributable to Lesaffre and/or under Lesaffre's control related to the operation of and/or disposal of materials at or from such facility, by ingestion of or other significant exposure to these materials in contaminated air; and all persons who have an ownership or other possessory interest in property, whose value is adversely affected by the foul odor contamination, through releases, whether direct or indirect, from Lesaffre's Plant and /or releases otherwise attributable to Lesaffre and/or under Lesaffre's control related to the operation of and/or disposal of materials at or from such facility." This class is composed of all individuals who own or owned property in Henry County, State of Alabama, that have been affected by the odor emanating from and/or otherwise attributable to Lesaffre, including but not limited to operations of the Lesaffre Plant and/or its wastewater application process. Additionally, Plaintiffs allege that the class encompasses less than one hundred (100) members.

17. Pursuant to Alabama Rules of Civil Procedure Rule 23, the Class is sufficiently numerous that joinder of all of its members is impractical.

18. There are numerous common questions of law and fact with respect to the foul odor involving the Class Members (herein referred to as "Plaintiffs"). Among the questions common to the Class are: a) Whether Defendants created a private nuisance; b) Whether Defendants acted in a willful and wanton manner sufficient to constitute malice and demonstrate conscious indifference in the manufacturing of yeast and disposal of wastewater to a degree that there should be an imposition of punitive/exemplary damages. Therefore, within the meaning of Alabama Rules of Civil Procedure Rule 23, common questions of law and fact clearly predominate over any questions affecting only individual members.

19. Class action treatment is also superior to other available methods in providing a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of the Plaintiffs can be fairly managed without unnecessary expense or duplication.

20. The claims of Plaintiffs, as Class Representatives, are typical of the claims of the members of the Class.

21. Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as Class Representatives, are consistent with those of the members of the Class. In addition, Plaintiffs and the Class they represent are represented by experienced and able counsel.

22. Because of the close proximity of the Plaintiffs' properties to the Lesaffre facility and surrounding land on which wastewater is applied, a substantial claim for property damages exist on behalf of all of the members of the Plaintiffs' class. In order to achieve maximum judicial economy and fairness to litigants, a class action is desirable to assure that an award of

punitive damages is made in a single proceeding and fairly and uniformly allocated among all the members of the Class.

23. Certification of a class is therefore appropriate pursuant to Alabama Rules of Civil Procedure Rule 23.

## COUNT I

### Nuisance

24. Plaintiffs repeat and reallege all prior allegations of this Complaint.

25. Lesaffre's acts and omissions with respect to the releases of foul odors caused and continue to cause a material, substantial, and unreasonable interference with Plaintiffs' and other class members' use and enjoyment of their properties and has materially diminished and continues to diminish the value of such properties.

26. Lesaffre's material, substantial, and unreasonable interference with the use and enjoyment of Plaintiffs' and the other class members' properties and continuing material, substantial, and unreasonable interference with such use and enjoyment constitutes a continuing private nuisance.

27. Lesaffre's creation and continuing creation of a private nuisance proximately caused and continues to proximately cause damage to Plaintiffs and the other class members in the form of bodily injury, emotional distress, and property damage all of a type special and common to members of the class but not common to the general public for which the Defendants are liable.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and class members demand judgment against Defendants, individually, jointly, and severally, for compensatory damages,

punitive damages, interest, attorneys' fees, costs, and such other relief the Court may deem just and equitable.

## COUNT II

### Negligence

28. Plaintiffs repeat and reallege all prior allegations of this Complaint.

29. At all relevant times, Defendants had a duty to exercise due care in the manufacturing of yeast and the disposal of process wastewater. As Plant Manager of the Lesaffre facility, defendant Dominique Ciboulet had a duty to administer and oversee the plant with due care. Additionally, Dominique Ciboulet had a duty to ensure that plant processes are executed with due care.

30. The Defendants breached their duty of care by operating and managing the Lesaffre Plant and disposing of wastewater in such a manner as to negligently cause, permit, and/or allow the release of foul odor onto the property of Plaintiffs and other class members and/or failing to take timely, adequate, reasonable and sufficient steps to prevent the release of malodorous odors onto the property of Plaintiffs and other class members.

31. The Defendants' negligent acts and omissions proximately caused and continue to proximately cause damage to Plaintiffs and other class members in the form of property damage and the creation of conditions that are harmful to human health and the environment.

32. At all relevant times, Defendants knew or should have known that both their yeast manufacturing process as well as their wastewater application technique were contaminating the surrounding air with foul odors and that such odors would eventually enter Plaintiffs' and class members' properties.

33. As a direct and proximate result of the acts and omissions of Defendants: 1) Plaintiffs and class members have lost the beneficial use, enjoyment, and exclusive possession of their property; 2) Plaintiffs' and class members' properties have declined in value and continue to decline in value as a result of the contamination; and 3) Plaintiffs and class members suffered and continue to suffer property damage, economic loss, and inconvenience in having to reside on property affected by the odor.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and class members demand judgment against Defendants, individually, jointly, and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs and such other relief that Plaintiffs and class members may be justly entitled to receive.

### COUNT III

### Wanton Conduct

34. Plaintiffs repeat and reallege all prior allegations of this Complaint.

35. For several years, the Defendants have known of the serious effect which the release of malodorous compounds into the air had on the surrounding properties and their value. The Defendants consciously and deliberately released these compounds and deny their conduct with the full understanding of the dangers and consequences to the Plaintiffs. This conduct constitutes wantonness, said wantonness being a direct and proximate cause and/or contributing cause to the damages and injuries sustained by the Plaintiffs. The acts of the Defendants are willful, wanton, illegal, fraudulent, negligent and done in gross disregard for the property rights.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and class members demand judgment against Defendants, individually, jointly, and severally, for compensatory damages,

punitive damages, interest, attorneys' fees, costs and such other relief that Plaintiffs and class members may be justly entitled to receive.

## JURY DEMAND

36. Plaintiffs and class members demand a trial by jury on all issues herein stated.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray that this Honorable Court enter judgment against Defendants, individually, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit as provided by law, and such other relief as the Court may deem just and equitable.

Respectfully submitted,

_____
Rhon E. Jones (JON093)
Spencer W. Danzey (DAN042)

Of Counsel:

Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103
334-269-2343
334-954-7555 (fax)

Gunter & Peterson, L.L.C.
Post Office Box 608
Abbeville, Alabama 36310
334-585-2246
334-585-5392 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 FEB 23  P 4: 38
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MACON and JENNIFER RICHARDS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. ) CV-1:07CV163-MEF |
| LESAFFRE YEAST CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

**NOTICE OF REMOVAL OF CIVIL ACTION NUMBER CV-07-07
FROM THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA**

NOW COMES Lesaffre Yeast Corporation ("Lesaffre") and files this Notice of Removal of the action referred to herein as Civil Action No. CV-07-07 from the Circuit Court of Henry County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division, respectfully showing the Court as follows:

1.

The jurisdictional basis for this removal is 28 U.S.C. § 1332 because (a) the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs; and (b) there is diversity of citizenship between plaintiffs and all defendants.

2.

Lesaffre is a defendant in a civil action pending in the Circuit Court of Henry County, Alabama styled as <u>Macon & Jennifer Richards v. Lesaffre Yeast Corporation and</u>



PLAINTIFF'S
EXHIBIT
B

Dominique Ciboulet, Civil Action File No. CV-07-07. Plaintiffs have demanded a trial by jury in this case.

3.

Copies of all pleading, process, or orders and any other documents in said action from the Henry County Court are attached hereto as Exhibit A.

4.

This action arises from plaintiffs Macon and Jennifer Richards' ("plaintiffs") claims regarding the operations of the Lesaffre yeast plant located in Henry County. In their Complaint, plaintiffs allege the operations of the plant have adversely affected their property values, deprived them of the use and enjoyment of their property and caused them bodily injury and emotional distress. See generally Complaint.

5.

The Complaint was filed in the Circuit Court for Henry County, Alabama on January 18, 2007. Plaintiffs have named as defendants Lesaffre and Dominique Ciboulet, the former plant manager. See generally Complaint.

6.

Plaintiffs claim that defendants Lesaffre and Ciboulet are liable for their injuries and damages under the following theories: nuisance, negligence and wantonness. See generally Complaint.

7.

Lesaffre's registered agent for service of process was served by process server with a summons and a copy of the Complaint on January 24, 2007. This Notice of Removal was filed within the time specified by 28 U.S.C. § 1446(b).

8.

The controversy between plaintiffs and defendants is one between citizens of different states.

(a) Plaintiffs are alleged to be a resident citizens of Henry County, Alabama. Complaint, ¶ 1.

(b) Lesaffre is a Delaware corporation with its principal place of business in the State of Wisconsin. As such, Lesaffre is not an Alabama corporation for purposes of diversity jurisdiction.

(c) Mr. Ciboulet is a resident citizen of the State of Wisconsin and was not a citizen of the State of Alabama at the time of the commencement of said action or at any time thereafter. See Affidavit.[1]

9.

Based on the allegations contained in the Complaint, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Furthermore, in their Complaint, plaintiffs demand an unspecified amount of compensatory and punitive damages. See Complaint ¶¶ 27, 33. The amount in controversy requirement for federal jurisdiction may be satisfied by a demand for punitive damages if it is possible under state law for the jury to award the jurisdictional amount. Ryan v. State Farm Mutual Automobile Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991).

10.

In their Complaint, plaintiffs allege they sustained injuries because of the operations of Lesaffre's yeast plant and seek recovery for property damage, bodily injury

---

[1] Mr. Ciboulet has not been served as of the filing of this Notice of Removal.

and emotional distress as well as punitive damages, attorney's fees and other relief.

Under Alabama law,

> [e]xcept as provided in subsections (b), (d), and (j), in all civil actions where an entitlement to punitive damages shall have been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater.

Ala. Code Ann. § 6-11-21.

11.

Lesaffre may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the plaintiffs and defendants; neither defendant is a citizen of the State of Alabama; and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

12.

The pending action is one which may be removed to this Court, and the appropriate filing fee has been paid.

WHEREFORE, Lesaffre prays that this Notice of Removal be filed; that said action bearing Civil Action No. CV-07-07 in the Circuit Court of Henry County, Alabama be removed to and proceed in this Court; and that no further proceedings be had in said case in the Circuit Court of Henry County, Alabama.

This 23rd day of February, 2007.

_____
One of the Attorneys for Lesaffre Yeast
Corporation

OF COUNSEL:
William S. Cox (wcox@lfwlaw.com)
Lana K. Alcorn (lalcorn@lfwlaw.com)
E. Hyde Carby (hcarby@lfwlaw.com)
**LIGHTFOOT, FRANKLIN
& WHITE, L.L.C.**
The Clark Building
400 20TH Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (facsimile)

### CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of February, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to :

Rhon E. Jones, Esq.
Beasley Allen Crow Methvin
    Portis & Miles PC
P. O. Box 4160
Montgomery, AL 36103-4160

Spencer W. Danzey, Esq.
Guner & Petersen LLC
P. O. Box 608
Abbeville, AL 36310

_____
OF COUNSEL

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
01/24/2007
Log Number 511841220

| | |
|---|---|
| **TO:** | Paul Fahey<br>Lesaffre International Corporation<br>7475 West Main Street<br>Milwaukee, WI, 53214 |
| **RE:** | **Process Served in Alabama** |
| **FOR:** | Lesaffre Yeast Corporation (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Macon and Jennifer Richards, on behalf of themselves and all others similarly situated, Pltfs. vs. Lesaffre Yeast Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Henry County Circuit Court, AL<br>Case # CV 07 07 |
| **NATURE OF ACTION:** | Class Action - negligence in contaminating surrounding air with foul odors and causing plaintiffs' to suffer economic loss |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/24/2007 postmarked on 01/23/2007 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Rhon E. Jones<br>Beasley, Allen, Crow, Methvin, Portis & Miles, PC<br>218 Commerce St.<br>PO Box 4160<br>Montgomery, AL, 36103<br>334-269-2343 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790657164511 |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

Page 1 of 1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

EXHIBIT
A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07-07 |
|---|---|---|

### IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

**Plaintiff:** Macon & Jennifer Richards       v.       **Defendant:** LeSaffre Yeast Corporation; and
Dominique Ciboulet

**NOTICE TO:** Lesaffre Yeast Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFFS' ATTORNEYS LISTED BELOW:

Rhon E. Jones                          Spencer W. Danzey
Beasley, Allen, Crow, Methvin,         Gunter & Peterson, L.L.C.
Portis & Miles, P.C.                   P. O. Box 608
Post Office Box 4160                   Abbeville, AL 36310
Montgomery, AL 36103-4160

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date: 1/18/07         Shirlene Vickers     By:_____
                      Clerk/Register

☑ Certified Mail is requested.
                      _____
                      Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____.
                                                                  (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County, Alabama, on _____.
                                         (Date)

_____                        _____
Date                                   Server's Signature

_____                        _____
Address of Server                      Type of Process Server