**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MACON and JENNIFER RICHARDS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | **1:07-CV-163** |
| **LESAFFRE YEAST CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANT LESAFFRE YEAST CORPORATION'S OPPOSITION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO REMAND**

In an effort calculated solely for the purpose of destroying this Court's subject matter

jurisdiction, Plaintiffs Jennifer and Macon Richards ("Plaintiffs") belatedly seek leave to amend

the Complaint to add a non-diverse defendant.[1]  Although Plaintiffs could easily have named the

individual they now seek to add to the Complaint at the outset or at some point prior to the

removal of this case, Plaintiffs waited until <u>after</u> the case was properly removed to this Court to

pursue claims against the non-diverse defendant.

Plaintiffs' motions should be denied for three reasons.  First, the primary, if not

exclusive, purpose of Plaintiffs' proposed amendment to the Complaint is to destroy diversity

jurisdiction in this Court.  Second, Plaintiffs could have and should have known about the new

---

[1]  There is no dispute that, at present, the Court has subject matter jurisdiction over
this case under 28 U.S.C. § 1332.  Complete diversity exists between the parties currently joined
in this action.  Plaintiffs are Alabama citizens, Lesaffre is a Delaware corporation with its
principal place of business in Wisconsin and Dominique Ciboulet is a Wisconsin citizen.
Plaintiffs seek an unspecified amount of compensatory and punitive damages and do not contend
that the amount in controversy is less than the jurisdictional minimum.  Moreover, "if a district
court has subject matter jurisdiction over a diversity action at the time of removal, subsequent
acts do not divest the court of its jurisdiction over the action." <u>Behlen v. Merrill Lynch</u>, 311 F.3d
1087, 1095 (11th Cir. 2002).

non-diverse defendant before they filed this case.  Third, Plaintiffs will not suffer any prejudice

or injury if the amendment is not allowed.  For these reasons, Defendant Lesaffre Yeast

Corporation ("Lesaffre") opposes Plaintiffs' motion for leave to amend the complaint and to

remand.

## Procedural and Factual Background

Plaintiffs filed this action on January 18, 2007, in the Circuit Court of Henry County,

Alabama, against Lesaffre and Dominique Ciboulet.[2]

In their initial Complaint, Plaintiffs allege claims of private nuisance against Lesaffre and

claims of negligence and wantonness in the operation of the Headland plant against both Lesaffre

and Mr. Ciboulet.  See generally Compl. paras. 24-35.

Since neither Lesaffre nor Mr. Ciboulet are citizens of Alabama, Lesaffre removed the

case to this Court on the basis of diversity jurisdiction on February 26, 2007.  On March 16,

2007, Plaintiffs filed simultaneously a motion to have the case remanded to state court and a

motion for leave to amend the complaint to add a non-diverse individual defendant, Dennis

Barry (the plant manager since 2005).

## Argument

### I.    The Plaintiffs' Motions Should be Denied Because They Are Embarking Purposefully on Post-Removal Steps Designed *Exclusively* to Foster Remand

The sole issue before the Court is whether Plaintiffs should be granted leave to amend

their Complaint so as to destroy subject matter jurisdiction through the addition of a non-diverse

individual defendant.  As the case law makes clear, the Plaintiffs do not have an unfettered right

to do so.  Indeed, a district court, "when faced with [an] amended pleading naming a new

---

[2] Ciboulet, the plant manager from 2003-2005, had not been served with process at the time of the removal.

nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." Norman v. Family Dollar Stores, Slip Copy, 2006 WL 3802390 at *2 (M.D. Ala.) (Fuller, C.J.) (quoting Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989) (Exhibit "A").[3]

Courts across the country, including this Court, routinely use their discretionary power to refuse to allow amendments where diversity would be destroyed and where there is no legitimate reason for not having included the non-diverse defendant in the original complaint. The Plaintiffs here have failed to demonstrate a legitimate reason why the amendment should be allowed.

Plaintiffs' motion is governed by 28 U.S.C. § 1447(e), which provides the standard to be applied in this instance:

> In determining whether to allow the amendment, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

Sexton v. G&K Services, Inc., 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999). See also Jerido v. American General Life and Accident Ins. Co., 127 F. Supp. 1322, 1325 (M.D. Ala. 2001); Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000).

When applying the above factors, the Court should also consider the diverse defendants' interest in their chosen forum. See O'Connor v. Automobile Ins. Co. of Hartford, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (holding that, in 1447(e) analysis, court "must take into account the original defendants' interest in their choice of forum"). As this Court observed in Sexton:

---

[3] This Court's standard for evaluating §1447(e) amendments is derived from Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989).

In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum.  Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes.  Just as plaintiffs have the right to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity.  Therefore,''[t]he district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."

Sexton, 51 F. Supp. 2d at 1313 (quoting Hensgens, 833 F. 2d at 1182).  See also Bevels, 100 F. Supp. 2d at 1313.  As the Fifth Circuit has observed,  "removal based on diversity of citizenship is a right conferred by Congress, the need for which may well be greatest when plaintiff tries hardest to defeat it."  Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 185 (5th Cir. 1990) (internal quotations omitted).

Under section 1447(e), leave to join a party "should not be as freely given" when it would deprive the Court of jurisdiction, as Plaintiffs' Amended Complaint would do in this case.  McIntyre v. Codman & Shurtleff, Inc., 103 F.R.D. 619, 621 (S.D. N.Y. 1984).  The Court must ensure that, in moving for joinder of a previously unnamed non-diverse defendant, plaintiff is not "embarking purposefully on post-removal steps designed exclusively to foster remand."  Adorno Enter., Inc. v. Federated Dept. Stores, Inc., 629 F. Supp. 1565, 1570 (D. R.I. 1986).

Indeed, this Court as well as other courts have correctly observed that leave to join a non-diverse, non-indispensable party should not be granted where joinder serves only to deprive the Court of jurisdiction.  See Sexton, 51 F. Supp. 2d at 1314; Aries Ventures Ltd. v. AXA Finance S.A., 696 F. Supp. 965, 969 (S.D. N.Y. 1988).  Plaintiffs' belated attempt to add a new non-diverse defendant in this case falls precisely into this category.  Plaintiffs' motion should be denied.

A.    **Plaintiffs Seek To Amend The Complaint For The Sole Purpose Of Destroying This Court's Subject Matter Jurisdiction.**

Turning to the relevant factors, it is apparent from the face of the Plaintiffs' motions that their request for leave to amend the complaint is made solely for the purpose of defeating the subject matter jurisdiction of this Court. This Court's decision in <u>Norman v. Family Dollar Stores</u>, Slip Copy 2006 WL 3802390 (M.D. Ala.) (Fuller, C.J.) (Exhibit "A") provides the rule for determining when a plaintiff's post-removal attempt to add an easily discovered non-diverse defendant will prove a diversity destroying motive. In that case, this Court held that "[w]here the amendment seeks to add nondiverse defendants, <u>of whom the plaintiff was aware or should have been aware at the time the suit was filed</u>, and occurs only after removal of the case, this court has previously held that the nondiverse defendants were sought to be added for the purpose of keeping the case out of federal court. See, e.g., <u>Smith v. White Consol. Indus., Inc.</u>, 229 F. Supp. 2d 1275, 1280; <u>Bevels</u>, 100 F. Supp. 2d at 1313; <u>Sexton</u>, 51 F. Supp. 2d at 1312-14." <u>Norman</u> at *2 (emphasis added).[4]

1.    **Plaintiffs Could Have and Should Have Known about Dennis Barry Before Filing Their Complaint**

Plaintiffs contend that they believed Dominique Ciboulet to be the Headland plant manager in 2007 when this case was filed although Mr. Ciboulet has not been a resident of Alabama since early 2005. According to Plaintiffs, they purportedly learned of this "mistake" when Lesaffre filed its notice of removal, and of course only learned the identity of the non-diverse defendant <u>after</u> the case was removed. Plaintiffs did not seek to amend the Complaint to

---

[4] Additionally, this Court's decision in <u>Porterfield v. Flowers</u>, Slip Copy 2006 WL 1147333 (M.D. Ala.) (Fuller, C.J.) (Exhibit "B") reinforces the <u>Norman</u> analysis that where a plaintiff seeks to add a non-diverse party whose identity she knew or should have known at the time of filing and that amendment occurs only after removal, the Middle District holds that such an amendment is sought to divest the district court of its Congressionally granted jurisdiction. <u>Id.</u> at *3.

name this "mystery defendant" until March 16, 2007, two months after filing suit. Only after the

case was removed to federal court did Plaintiffs suddenly "discover" the identity of Dennis

Barry, the current plant manager, despite the fact that Mr. Barry has been in that position for over

two years. Plaintiffs offer no explanation as to what steps, if any, they took to ascertain the

identity of the individual whom they now claim harmed them. This is particularly telling of the

Plaintiffs' true motive, since even the most minimal of pre-filing investigation would have

revealed this information.[5]

In this case, Plaintiffs knew or should have known the identity of Mr. Barry before they

filed this claim. For one thing, Plaintiffs live next door to the Headland plant and could have

determined the plant manager's identity with a simple phone call. There is no indication that

Plaintiffs or Plaintiffs' counsel made any such or similar effort. Moreover, Mr. Barry has lived

in the community and worked at the Headland plant since April 2005. In fact, Mr. Barry was

quoted in the <u>Dothan Eagle</u> as the manager of Lesaffre's Headland plant following a destructive

tornado that damaged the plant (and that would have affected Plaintiffs' home since they live

right next door) in November 2006. See <u>Dothan Eagle</u> (Exhibit "C"). Notably, Plaintiffs do not

contend that Mr. Barry's identity would have been difficult to determine before initially filing

this case. Indeed, the facts clearly show otherwise.

### 2. Plaintiffs' True Motive is Revealed By Their Failure to Make Any Allegations Against Mr. Barry

In light of the fact that Plaintiffs <u>make no allegations of negligence or any other culpable</u>

<u>act or omission</u> in their proposed amended complaint against Mr. Barry, it is clear from the face

of the proposed amended complaint that Mr. Barry's addition is intended only to deprive this

---

[5]     Any reliance by plaintiff on fictitious party practice for support of their attempt to destroy diversity jurisdiction is unavailing. The residencies of fictitious parties are specifically ignored for purposes of removal.

Court of its Congressionally conferred jurisdiction. Such a glaring lack of any allegations against Mr. Barry is telling evidence that the Plaintiffs merely added him in order to defeat diversity jurisdiction and not because of any act he may or may not have committed.

As the Middle District has noted in a similar situation,[6] "[t]his case is not unlike the decision of this court wherein the court had occasion to note that the plaintiff seemed more concerned with finding a resident employee to sue, than with finding out who was responsible for any alleged wrongs." Jerido v. American General Life & Accident Ins. Co., 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001) (noting its decision in Sexton v. G&K Services, Inc., 51 F. Supp. 2d 1311 (M.D. Ala. 1999)).

Under these facts, Plaintiffs should not be permitted to amend the complaint to defeat this Court's jurisdiction.

**B.    Plaintiffs Were Dilatory in Identifying the Non-diverse Defendant**

Plaintiffs have been dilatory in seeking to add the non-diverse defendant because they could have and should have known about Mr. Barry well before filing their complaint. Plaintiffs' sudden attempt to amend the complaint comes close on the heels of removal. This factor weighs heavily in favor of denying the motion to amend. Sexton, 51 F. Supp. 2d at 1314; Le Duc v. Bujake, 777 F. Supp. 10, 12 (E.D. Mo. 1991) (motion to amend to add non-diverse

---

[6] In Jerido, the plaintiff filed suit originally against an insurance agent who, unbeknownst to that plaintiff, was dead at the time of filing. The plaintiff sought to add another agent after removal to keep the case in state court but was denied by the Middle District. 127 F. Supp. at 1324. In this case, the Plaintiffs hurried attempt to name Mr. Barry smacks of the same disingenuousness. Moreover, just like this case, the Jerido plaintiff failed in its proposed amended complaint to make any allegations against the non-diverse defendant, a factor that proved to the Middle District that the addition of that defendant was designed to defeat diversity jurisdiction. Id. at 1325.

party that comes close on the heels of removal suggests that amendment is designed to defeat federal court's jurisdiction and should be denied).

In this case, Plaintiffs filed both the Motion for Leave to Amend the Complaint and the Motion to Remand on the afternoon of March 16, 2007. Looking to the temporal proximity of filings, the fact that the Motion for Leave to Amend came "simultaneously with the Motion to Remand and after the removal, also lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction." Jerido, 127 F. Supp. at 1325 (emphasis added). Such a bold attempt to destroy jurisdiction cannot be permitted under §1447(e). See also Bevels, 100 F. Supp. 2d at 1313.

This Court's Norman and Porterfield decisions also require the finding that "a plaintiff's failure to name such a defendant when the suit was filed and before it was removed is dilatory if plaintiff could have ascertained the identity of the resident defendant without discovery." Norman at *3 (quoting Sexton, 51 F.Supp.2d at 1314) (emphasis added); see also Porterfield at *3.

In this case, Plaintiffs could have easily named this individual as a defendant before this case was removed if Plaintiffs truly thought such action was necessary for the just adjudication of this case. Plaintiffs required no discovery to ascertain the identity of the non-diverse defendant and apparently needed Lesaffre's removal to determine whom to name to keep the case in state court.

### C.    Plaintiffs Will Not Be Prejudiced Or Injured in Any Way if the Amendment is Not Allowed.

Plaintiffs will not be prejudiced or injured if the motion to amend is denied. The absence of this particular individual defendant will not prevent Plaintiffs from obtaining full and complete relief in this Court. See Sexton, 51 F. Supp. 2d at 1314 (finding that plaintiff would

not be prejudiced if amendment was denied because plaintiff could obtain complete relief from corporate defendant without presence of non-diverse individual defendant); In re Norplant Contraceptive Products Litigation, 898 F. Supp. 429, 432 (E.D. Tex. 1995) (denying motion for leave to amend to add non-diverse defendant where there was no evidence that diverse defendant would be unable to satisfy judgment).

If the proposed amendment is not allowed, Plaintiffs' ability to prosecute this action and obtain full relief, assuming the claims are meritorious, will not be hindered in the least. Plaintiffs have not presented any evidence whatsoever that Lesaffre would not be able to satisfy a judgment rendered in this case.

### 1.    The "Threat" of a Separate Action Against Barry in State Court Does Not Require Remand

Even if Plaintiffs chose to pursue a separate action against the non-diverse defendant in state court, that threat alone is insufficient to require remand. See Sexton, 51 F. Supp. 2d at 1314; DiNardi v. Ethicon, 145 F.R.D. 294 (N.D. N.Y. 1993) (denying plaintiffs' motion to amend to add non-diverse parties and refusing to remand, noting that possibility of trial in federal court in addition to state court case did not require remand). Indeed, if only the mere possibility that a plaintiff would file a separate action was sufficient to require the Court to allow amendment, then section 1447(e) would have absolutely no field of application. In every removed case where the plaintiff seeks to add a non-diverse party, there is always a possibility (and often a threat) that a separate state court action against the non-diverse party will result if joinder and remand are not allowed. That possibility alone is not a sufficient reason to allow joinder and remand. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

The threat by Plaintiffs' counsel that they will file a separate lawsuit against Mr. Barry if he is not permitted to be joined in this action does not require that he be added as a defendant to

this case to protect Plaintiffs' rights.  To the contrary, this Court holds that "a plaintiff will not be significantly injured if [the] amendment is denied where plaintiff has the option of filing suit in state court against the resident defendants.  See, e.g., Bevels, 100 F. Supp. 2d at 1314; Sexton, 51 F. Supp. 2d at 1314."  Norman at *3.  Plaintiffs' empty threat that they will sue Mr. Barry in state court would eviscerate §1447(e) if it were to be allowed in this kind of case.

### 2.     Mr. Barry is Not an Indispensable Party

The Court should also look to whether the non-diverse defendant Plaintiffs seek to add is indispensable under Rule 19.  See Render v. Consolidated Rail Co., 585 F. Supp. 630 (N.D. Ill. 1984) (denying motion to remand when plaintiff attempted to join non-diverse defendant that was not indispensable).  Rule 19 does not require the joinder of an agent where the principal is a party.  Depriest v. BASF Wyandotte Corp., 119 F.R.D. 639, 640 (M.D. La. 1988) (noting that "Rule 19 does not require joinder of principal and agent" and denying motion to amend to add non-diverse party after removal).

While indispensability is no longer the sole determinative factor in deciding whether to allow an amendment adding a non-diverse party as it was prior to the adoption of 1447(e), it remains a key consideration in the analysis.[7]

---

[7]  Section 1447(e) was adopted to avoid the potential harshness of outright voluntary dismissal of a removed diversity case under Rule 19(b) because of the inability to join indispensable parties.  Prior to 1989, if a case was removed and the plaintiff then attempted to join an indispensable, non-diverse party, a federal district court would have to dismiss the action completely because the action could not proceed without the indispensable party and that party could not be joined without destroying the court's jurisdiction.  Section 1447(e) provided a means by which the court could join an indispensable, non-diverse party and remand the case instead of dismissing the case and requiring the parties to start over.  Section 1447(e) was never intended, however, to allow a plaintiff to manipulate the Court's established jurisdiction on a whim.

In this case, Mr. Barry is not an indispensable party, and Plaintiffs do not contend otherwise.  Plaintiffs' claims are based upon allegations that do not require the joinder of the agent, servant or employee who committed the alleged wrongdoing.

## Conclusion

Plaintiffs should not be allowed to amend their complaint to add a new non-diverse party when such an amendment is calculated solely to destroy diversity jurisdiction.  The Plaintiffs could have and should have named Mr. Barry in their original complaint and their request to do so only now  - - only *after* removal - - is telling evidence of their improper motive.  Accordingly, Lesaffre respectfully requests that the Court deny the Plaintiffs' motions and allow this Court to maintain its Congressionally mandated jurisdiction under 28 U.S.C §§1332 and 1447.


  /s Lana K. Alcorn
One of the Attorneys for Lesaffre Yeast Corporation


OF COUNSEL:
William S. Cox (wcox@lfwlaw.com)
Lana K. Alcorn (lalcorn@lfwlaw.com)
E. Hyde Carby (hcarby@lfwlaw.com)
**LIGHTFOOT, FRANKLIN
& WHITE, L.L.C.**
The Clark Building
400 20TH Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (facsimile)

**CERTIFICATE OF SERVICE**

This is to certify that on this 3rd day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rhon E. Jones, Esq.
Beasley Allen Crow Methvin
 Portis & Miles PC
P. O. Box 4160
Montgomery, AL 36103-4160

Spencer W. Danzey, Esq.
Guner & Petersen LLC
P. O. Box 608
Abbeville, AL 36310

/s Lana K. Alcorn
OF COUNSEL



Westlaw.

Slip Copy                                                                                    Page 1
Slip Copy, 2006 WL 3802390 (M.D.Ala.)
**(Cite as: Slip Copy)**

**C**

Briefs and Other Related Documents

Norman v. Family Dollar StoresM.D.Ala.,2006.Only
the Westlaw citation is currently available.(WO-Not
for Publication)

United States District Court,M.D. Alabama,Northern
Division.
Vinnie NORMAN, Plaintiff,
v.
FAMILY DOLLAR STORES, Defendant.
**No. 2:06-cv-553-MEF.**

Dec. 22, 2006.

Christopher Bernard Pitts, Christopher B Pitts PC,
Montgomery, AL, for Plaintiff.
Mac B. Greaves, Stephen James, William J. Long,
Burr & Forman, Birmingham, AL, for Defendant.

***MEMORANDUM OPINION AND ORDER***
MARK E. FULLER, Chief United States District
Judge.
**\*1** This cause is before the Court on Plaintiff's
Motion to Amend Complaint (Doc. # 5-1). Attached
to the Plaintiff's Motion to Amend Complaint as
Exhibit B is Plaintiff's Motion to Remand (Doc. # 5-
3). Defendant has filed briefs in opposition to both
the motion for leave to amend and the motion to
**remand**. The Court has carefully considered the
submissions in support of and in opposition to the
motions, as well as the applicable law, and finds for
the reasons set forth in this Memorandum Opinion
and Order that the motions are due to be DENIED.

**FACTUAL AND PROCEDURAL HISTORY**

On May 12, 2006, Plaintiff Vinnie Norman
("Norman") filed suit against Defendant Family
Dollar Stores ("Family Dollar") in the Circuit Court
of Montgomery County, Alabama. Norman sought an
unspecified amount of punitive and compensatory
damages for a variety of injuries she allegedly
suffered on May 13, 2004, in a store located at 4752
Mobile Highway and owned and operated by Family
Dollar. Compl. at ¶ ¶ 3, 5-7. Norman's claims against
Family Dollar are for alleged negligence and
wantonness. Compl. at ¶ 17.

After being served with the Complaint, Family Dollar

timely filed a Notice of Removal invoking this
Court's subject matter jurisdiction over the action
pursuant to 28 U.S.C. § 1332. Along with the Notice
of Removal, Family Dollar filed its Answer.

In August of 2006, Norman filed Plaintiff's Motion to
Amend Complaint (Doc. 5-1). By this motion,
Norman seeks to add Jeanette Dillard ("Dillard"), a
store manager for Family Dollar, as a defendant to
this action. Like Norman, Dillard is a citizen of
Alabama. Without setting forth any explanation for
her **failure** to include Dillard as a defendant in the
original Complaint, Norman asks this Court to allow
her to add claims against Dillard now and notes that
such an addition would strip this Court of its
jurisdiction over this action. Indeed, Norman
attached, as an exhibit to her Motion to Amend
Complaint, a copy of a Motion to **Remand** (Doc. 5-
3) in which Norman's entire argument in support of
**remand** is predicated on the lack of diversity of
citizenship created by the addition as a defendant of
Dillard.

On August 31, 2006, Family Dollar filed briefs in
opposition to both the Motion to Amend Complaint
and the Motion to **Remand** (Doc. # 9 & Doc. # 10).
These briefs were supported by an affidavit from
Dillard. In those affidavits, Dillard affirms that she
works as a store manager for Family Dollar, but avers
that she does so in a store located at 810 West South
Boulevard, rather than at the store at which Norman
alleges she was injured. Dillard further swears that
she has never worked at the store where Norman
alleges that she was injured; that she does not own
any Family Dollar store; and that she does not recall
ever meeting Norman. Family Dollar argues that
Norman cannot and has not meet the legal
requirements for amending a complaint under the
circumstances of this case.

**JURISDICTION AND VENUE**

**\*2** Based on the record before it, there is no dispute
that Norman and Family Dollar are citizens of
different states for purposes of 28 U.S.C. § 1332.
Moreover, Norman has not challenged Family
Dollar's contention that the amount in controversy
requirement for subject matter jurisdiction is
satisfied. Accordingly, this Court has original subject
matter jurisdiction over this action pursuant to 28

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3802390 (M.D.Ala.)
(Cite as: Slip Copy)

Page 2

U.S.C. § 1332(a). The parties have not disputed personal jurisdiction or venue, and the Court finds an adequate evidentiary basis for personal jurisdiction [FN1] and venue.

> FN1. While Norman does state in Plaintiff's Motion to Amend Complaint that if Dillard is added as a party, this Court would lack personal jurisdiction to hear this matter, the Court is confident based on the context in which it appears that this is a typographical error and that Norman intended to state that adding Dillard as a party would deprive this Court of subject matter jurisdiction because she, like Norman, is a citizen of Alabama.

## DISCUSSION

To the extent that Norman's proposed amendment of the Complaint seeks to add a new party, who is not diverse in citizenship from Norman, it is a post-removal amendment which would destroy this Court's subject matter jurisdiction. Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. However, "[t]he district court, when faced with amended pleading naming a new **nondiverse defendant** in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied*, 493 U.S. 851 (1989). *Accord*, *Sexton v. G & K Servs., Inc.*, 51 F.Supp.2d 1311, 1313 (M.D.Ala.1999). Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Sexton*, 51 F.Supp.2d at 1312. *Accord*, *Hensgens*, 833 F.2d at 1182; *Smith v. White Consol. Indus., Inc.*, 229 F.Supp.2d 1275, 1280 (N.D.Ala.2002); *Jerido v.*

*American Gen. Life & Accident Ins. Co.*, 127 F.Supp.2d 1322, 1325 (M.D.Ala.2001); *Bevels v. American States Ins. Co.*, 100 F.Supp.2d 1309, 1313 (M.D.Ala.2000).

### 1. Intent to Defeat Federal Subject Matter Jurisdiction

Norman cannot seek to amend solely for the purpose of defeating federal subject matter jurisdiction. Where the amendment seeks to add **nondiverse defendants**, of whom the plaintiff was aware or should have been aware at the time the suit was filed, and occurs only after removal of the case, this court has previously held that the **nondiverse defendants** were sought to be added for the purpose of keeping the case out of federal court. *See, e.g.*, *Smith*, 229 F.Supp.2d at 1280; *Bevels*, 100 F.Supp.2d at 1313; *Sexton*, 51 F.Supp.2d at 1312-14. From the record before this Court, it appears that the intent of Norman's proposed amendment is solely to defeat federal subject matter jurisdiction.

### 2. Dilatory Amendment

\*3 It appears that Norman has been dilatory in amending the Complaint to add Dillard. "Another factor to consider in determining the propriety of the amendment is whether the plaintiff was dilatory in seeking to add [the **nondiverse defendant**] to the case." *Smith*, 229 F.Supp.2d at 1282. A plaintiff who waits months to seek to amend the complaint to add a known nondiverse party can be found to have been dilatory about seeking the amendment. *See, e.g.*, *Smith*, 229 F.Supp.2d at 1282. While a plaintiff may argue that discovery was necessary to confirm the proper **identity** of the **resident defendant**, a plaintiff's **failure** to name such a defendant when the suit was filed and before it was removed is dilatory if plaintiff could have ascertained the **identity** of the **resident defendant** without discovery. *Sexton*, 51 F.Supp.2d at 1314. In this case, it appears that Norman was able to **identify** Dillard without any discovery once she had the proper incentive, namely to find a **resident defendant** to bring about **remand**.

### 3. Lack of Injury or Prejudice to Plaintiff

Norman will not be injured or prejudiced by denial of the proposed amendment because she can proceed with a separate state court action and because she can obtain full relief from Family Dollar in this case,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

even without Dillard being present as a defendant in this action. Courts look to several factors when addressing whether a plaintiff will suffer any injury if the proposed diversity destroying amendment is denied. For example, a court may address whether a plaintiff will be able to obtain full relief on his claims without the presence of the **nondiverse defendant**. *See, e.g., Jerido,* 127 F.Supp.2d at 1325; *Bevels,* 100 F.Supp.2d at 1314; *Sexton,* 51 F.Supp.2d at 1314. The court may also consider whether the existing defendant can satisfy any potential judgment, whether the existing defendant is legally responsible for the acts of the nondiverse party and can be held liable for them without the nondiverse party being made a defendant to the same action, and whether the plaintiff has adequate access to discovery without the presence of the **nondiverse defendant**. *See, e.g., Bevels,* 100 F.Supp.2d at 1314; *Sexton,* 51 F.Supp.2d at 1314. Moreover, a court may consider that a plaintiff will not be significantly injured if amendment is denied where plaintiff has the option of filing suit in state court against the **resident defendants**. *See, e.g., Bevels,* 100 F.Supp.2d at 1314; *Sexton,* 51 F.Supp.2d at 1314. Clearly, the defendant more likely to be able to satisfy a judgment is the corporate entity not a store manager. Moreover, there is nothing to prevent Norman from proceeding with two separate actions: one in federal court against Family Dollar and one in state court against Dillard.

### 4. Other Equitable Concerns

Other equitable concerns support a denial of the proposed amendment. "In balancing the equities, the parties do not start out on an equal footing." *Bevels,* 100 F.Supp.2d at 1313. *Accord, Jerido,* 127 F.Supp.2d at 1326. The very purpose of the removal statutes is to give diverse defendants the right to choose between a state or federal forum. *Id. Accord, Hensgens,* 833 F.2d at 1181. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-**resident defendants** have the right to remove to federal court when there is diversity." *Sexton,* 51 F.Supp.2d at 1313. Family Dollar has the right to remove this case to federal court because diversity jurisdiction clearly existed at the time the suit was filed and at the time of removal. Moreover, given the affidavit of Dillard, this Court is very skeptical that Norman has even **identified** a person who could properly be a defendant to the action she seeks to bring. Moreover, given the legal authorities cited by Family Dollar, it also appears that there are significant legal, as opposed to the obvious factual, problems with

Norman's claims against Dillard. In this Court's view, the proposed amendment would be an act of futility which would accomplish little other than establishing grounds for **remand** which should not otherwise exist. This Court will not allow such an obvious ploy to manipulate the justice system and deprive Family Dollar of its right to litigate this case in this Court.

### CONCLUSION

*4 For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Amend Complaint (Doc. # 5-1) is DENIED.

2. Plaintiff's Motion to **Remand** (Doc. # 5-3), to the extent that it appears to have been docketed as a motion rather than just as an exhibit, is DENIED because this Court has original subject matter jurisdiction over this action.

M.D.Ala.,2006.
Norman v. Family Dollar Stores
Slip Copy, 2006 WL 3802390 (M.D.Ala.)

Briefs and Other Related Documents (Back to top)

• 2:06cv00553 (Docket) (Jun. 21, 2006)
• 2006 WL 2305335 (Trial Pleading) Complaint (May 12, 2006) Original Image of this Document (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy
Slip Copy, 2006 WL 1147333 (M.D.Ala.)
(Cite as: Slip Copy)

c

Briefs and Other Related Documents
Porterfield v. Flowers Baking Co. of Opelika, L.L.C.M.D.Ala.,2006.Only the Westlaw citation is currently available.(WO-NOT FOR PUBLICATION)
United States District Court,M.D. Alabama,Northern Division.
Henry G. PORTERFIELD, Plaintiff,
v.
FLOWERS BAKING COMPANY OF OPELIKA, L.L.C., Defendant.
No. 2:05-CV-937-MEF.

May 1, 2006.

Dan William Taliaferro, Snowden & Taliaferro, LLC, Greg Louis Davis, Montgomery, AL, for Plaintiff.
Kevin Patrick Hishta, Ogletree, Deakins, Nash, Smoak & Stewart PC, Atlanta, GA, Sandra B. Reiss, Ogletree, Deakins, Nash, Smoak & Stewart, Birmingham, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER
MARK E. FULLER, Chief District Judge.
*1 This cause is now before the court on the Motion to Remand (Doc. # 7) filed by Plaintiff on November 3, 2005. Also pending before this court are two other motions filed by Plaintiff on that same day: Motion to Amend (Doc. # 8) and Motion to Join (Doc. # 9). These motions have been fully briefed and are ready for disposition by this court.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action against the Defendant on August 23, 2005, in the Circuit Court of Montgomery County, Alabama. Plaintiff seeks unspecified punitive and compensatory damages for claims under Alabama law including: breach of contract, misrepresentation, wantonness, and conversion.

On October 3, 2005, Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1441 asserting federal subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff subsequently filed a motion in which he challenges Defendant's assertion that complete diversity of citizenship existed between the parties at the time of removal. Additionally, Plaintiff seeks to amend the Complaint to add parties who like Plaintiff are citizens of Alabama. The presence of those parties, should the amendment of the Complaint be allowed would destroy this court's subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### DISCUSSION

As an initial matter, the Court notes that federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). As such, they may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. Consequently, remand of removed cases is favored where federal jurisdiction is not absolutely clear. See, e.g., Burns, 31 F.3d at 1095; Rayfield v. Nat'l Auction Group, Inc., 878 F.Supp. 203, 206 (M.D.Ala.1995) ("Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand.") As the proponent of removal, Defendant has "the burden of proving the existence of federal jurisdiction." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir.1996). Accord, McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir.2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996), cert. denied, 520 U.S. 1162 (1997) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a). Accord, Tapscott, 77 F.3d at 1356 ("Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court.") (citations omitted). Defendant argues that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
B

**\*2** The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See* *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir.2002). Indeed, one of the Supreme Court's earliest cases, *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267(1806),[FN1] held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side.

> FN1. Overruled on other grounds by 43 U.S. (2 How.) 497 (1844).

When a court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time the action was filed and at the time of removal. *See, e.g., Stevens v. Nichols,* 130 U.S. 230, 231 (1889); *Roecker v. U .S.,* 379 F.2d 400, 407 (5th Cir.), *cert. denied,* 389 U.S. 1005 (1967) [FN2]; *Brown v. Transouth Finan. Corp.,* 897 F.Supp. 1398, 1402 (M.D.Ala.1995); *Goff v. Michelin Tire Corp.,* 837 F.Supp. 1143, 1144 (M.D.Ala.1993).[FN3]

> FN2. In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) *(en banc),* the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

> FN3. *See also* cases cited and commentary in Wright, Miller & Cooper, FEDERAL PRACTICE & PROCEDURE: Jurisdiction 3d § 3723, p. 574 ("The purpose of requiring diversity to exist at both times apparently is to prevent a **nondiverse defendant** from acquiring a new domicile after the commencement of the state suit and then removing on the basis of newly created diversity of citizenship.")

### A. Diversity Jurisdiction Over the Original Complaint

That this case satisfies Section 1332(a)(1)'s requirement that the amount in controversy exceed $75,000 is not in dispute. The sole issue for resolution by this Court is whether there be complete diversity of citizenship is satisfied. Plaintiff is alleged to be a citizen of Alabama. At the time the lawsuit was filed the sole named defendant was Flowers Baking Company of Opelika, LLC. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *See* *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir.2004). Defendant Flowers Baking Company of Opelika, LLC has one member-Flowers Foods Bakeries Group, LLC, a Georgia limited liability company. The sole member of Flowers Foods Bakeries Group, LLC is Flowers Foods, Inc., a Georgia corporation. Thus, under the analysis mandated by the Eleventh Circuit Court of Appeals in *Rolling Greens,* it is undisputed that Defendant is a Georgia citizen for purposes of diversity jurisdiction. Because the requirements for subject matter jurisdiction were satisfied at the time of removal, the Motion to **Remand** (Doc. # 7) is due to be DENIED to the extent that it argues that the original action should not have been removed.

### B. Plaintiff's Post-Removal Attempts to Amend the Complaint

To the extent that Plaintiff's Motion to Amend (Doc. # 8) [FN4] and Motion to Join (Doc. # 9) seek to add new parties, who may not be diverse in citizenship from Plaintiff, they constitute post-removal amendments which would destroy this Court's subject matter jurisdiction. Section 1447(e) of Title 28 of the United States Code provides:

> FN4. Plaintiff's Motion to Amend **fails** to comply with Rule 15.1 of the Local Rules of the United States District Court for the Middle District of Alabama for Civil and Criminal Cases. While **failure** to comply with this rule is not, in an of itself, a ground for denying relief under this rule, the court does expect and may require compliance with this rule from all those who practice in this court.

**\*3** [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and **remand** the action to the State court.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1147333 (M.D.Ala.)
(Cite as: Slip Copy)

28 U.S.C. § 1447(e). Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. However, "[t]he district court, when faced with an amended pleading naming a new **nondiverse defendant** in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987), cert. denied,* 493 U.S. 851 (1989). *Accord, Sexton v. G & K Servs., Inc.,* 51 F.Supp.2d 1311, 1313 (M.D.Ala.1999). Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors:

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Sexton,* 51 F.Supp.2d at 1312. *Accord, Hensgens,* 833 F.2d at 1182; *Smith v. White Consol. Indus., Inc.,* 229 F.Supp.2d 1275, 1280 (N.D.Ala.2002); *Jerido v. American Gen. Life & Accident Ins. Co.,* 127 F.Supp.2d 1322, 1325 (M.D.Ala.2001); *Bevels v. American States Ins. Co.,* 100 F.Supp.2d 1309, 1313 (M.D.Ala.2000).

### 1. Intent to Defeat Federal Subject Matter Jurisdiction

Where the amendment seeks to add **nondiverse defendants**, of whom the plaintiff was aware or should have been aware at the time the suit was filed, and occurs only after removal of the case, this court has previously held that the **nondiverse defendants** were sought to be added for the purpose of keeping the case out of federal court. *See, e.g., Smith,* 229 F.Supp.2d at 1280; *Bevels,* 100 F.Supp.2d at 1313; *Sexton,* 51 F.Supp.2d at 1312-14.

### 2. Dilatory Amendment

"Another factor to consider in determining the propriety of the amendment is whether the plaintiff was dilatory in seeking to add [the **nondiverse defendant**] to the case." *Smith,* 229 F.Supp.2d at 1282. A plaintiff who waits months to seek to amend the complaint to add a known nondiverse party can be found to have been dilatory about seeking the amendment. *See, e.g., Smith,* 229 F.Supp.2d at 1282.

While a plaintiff may argue that discovery was necessary to confirm the proper **identity** of the **resident defendant**, a plaintiff's **failure** to name such a defendant when the suit was filed and before it was removed is dilatory if plaintiff could have ascertained the **identity** of the **resident defendant** without discovery. *Sexton,* 51 F.Supp.2d at 1314.

### 3. Lack of Injury or Prejudice to Plaintiff

Courts look to several factors when addressing whether a plaintiff will suffer any injury if the proposed diversity destroying amendment is denied. For example, a court may address whether a plaintiff will be able to obtain full relief on his claims without the presence of the **nondiverse defendant**. *See, e.g., Jerido,* 127 F.Supp.2d at 1325; *Bevels,* 100 F.Supp.2d at 1314; *Sexton,* 51 F.Supp.2d at 1314. The court may also consider whether the existing defendant can satisfy any potential judgment, whether the existing defendant is legally responsible for the acts of the nondiverse party and can be held liable for them without the nondiverse party being made a defendant to the same action, and whether the plaintiff has adequate access to discovery without the presence of the **nondiverse defendant**. *See, e.g., Bevels,* 100 F.Supp.2d at 1314; *Sexton,* 51 F.Supp.2d at 1314. Moreover, a court may consider that a plaintiff will not be significantly injured if amendment is denied where plaintiff has the option of filing suit in state court against the **resident defendants**. *See, e.g., Bevels,* 100 F.Supp.2d at 1314; *Sexton,* 51 F.Supp.2d at 1314.

### 4. Other Equitable Concerns

\*4 "In balancing the equities, the parties do not start out on an equal footing." *Bevels,* 100 F.Supp.2d at 1313. *Accord, Jerido,* 127 F.Supp.2d at 1326. The very purpose of the removal statutes is to give diverse defendants the right to choose between a state or federal forum. *Id. Accord, Hensgens,* 833 F.2d at 1181. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-**resident defendants** have the right to remove to federal court when there is diversity." *Sexton,* 51 F.Supp.2d at 1313.

The court has weighed and balanced these factors and finds that they balance in favor of denying the requested amendment to add parties and motion for joinder. Given that the court will not allow the proposed amendment and joinder, it also follows that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1147333 (M.D.Ala.)
**(Cite as: Slip Copy)**

the remaining grounds in Plaintiff's Motion to **Remand** are due to be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion to **Remand** (Doc. # 7) is DENIED.

The Motion to Amend (Doc. # 8) is DENIED.

The Motion to Join (Doc. # 9) is DENIED.

M.D.Ala.,2006.
Porterfield v. Flowers Baking Co. of Opelika, L.L.C.
Slip Copy, 2006 WL 1147333 (M.D.Ala.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 4126000 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response Brief to Defendant's Opposition to Motion to Remand (Nov. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 4126001 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response Brief to Defendant's Opposition to Motion to Amend and Motion to Join Additional Defendants (Nov. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 4125998 (Trial Motion, Memorandum and Affidavit) Defendant's Response Brief in Opposition to Plaintiff's Untimely Motion to Remand (Nov. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 4125999 (Trial Motion, Memorandum and Affidavit) Defendant's Response Brief in Opposition to Plaintiff's Motion to Join and Plaintiff's Motion to Amend Complaint (Nov. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 4125997 (Trial Motion, Memorandum and Affidavit) Motion to Remand (Nov. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 4125919 (Trial Pleading) Answer of Defendant Flowers Baking Company of Opelika, LLC (Oct. 3, 2005) Original Image of this Document (PDF)
• 2:05cv00937 (Docket) (Oct. 3, 2005)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Printer-Friendly Version





EXHIBIT

_C_

# Yeast plant damaged by storm

Lance Griffin
lgriffin@dothaneagle.com
Thursday, November 16, 2006

HEADLAND - David Barry sat at his work desk just after 3 p.m. Wednesday, monitoring the weather on an Internet Web site.

The site alerted him a tornado warning had just been issued for DeFuniak Springs in the Florida Panhandle, an hour away.

What he didn't know was things were happening in Headland at the same time.

Trees were falling on power lines and near homes as torrential rains and what was believed to be a tornado tore through Headland.



Red Star Baker's Yeast employees look over the damage to the plant after a series of strong thunderstorms rolled through south Alabama Wednesday. (Danny Tindell/dtindell@dothaneagle.com)

That's when Barry heard a loud noise - what sounded like his workplace being ripped apart.

"I just remember it was loud, very loud," said Barry, plant manager at SAF Baker's Yeast on Highway 431 just north of Headland.

Fortunately for Barry and the 30 plant workers, no one was hurt as the destructive winds ripped away the upper front of the main plant building. Large tin strips that comprised the top front of the building were blown into fields hundreds of yards behind the plant. It appeared to be the most visible damage Headland received as the line of violent storms ripped across central and southeast Alabama on Wednesday.

Lightning crackled in the sky and rain bounced off Barry's hard hat as he looked over the damage after the worst of the weather passed later Wednesday.

"A lot of our equipment is getting wet but we still haven't had a chance to assess all the damage," Barry said. "We know we had some blowing debris from the walls and ceilings upstairs. But right now, the exterior of the building looks to be a lot worse than the equipment itself."

Employees began to head home Wednesday evening and Barry said he wasn't sure when the plant would return to full operation, but he expected it to be soon.

**RELATED INFORMATION**



**STORIES**

* 'Like a train was coming'
* Community pulls together to rebuild
* Tales of the EMA basement
* Yeast plant damaged by storm
* Students held at school
* Storms wreak havoc across Coffee County
* Couple escapes tornado with

throughout central and Southeast Alabama as a strong cold front attempted to push warm gulf air out of the way, causing the violent storms.

A BP gas station further south on Highway 431 received some structural damage. E&W Building Materials also reportedly lost its roof. Trees were down in residential neighborhoods throughout Headland. Even the town square was not spared as large limbs were downed, causing damage to some vehicles parked nearby. Headland police said they received several calls of trees down and some streets underwater.

Barry said he was relieved no one was hurt.

"We have some damage but we're all fine," Barry said. "We're just blessed everyone is OK."

**MULTIMEDIA**
- Photogallery: Storm Damage
- Video: Elba
- Video: Hamilton Crossroads

**OTHER**
- Send storm photos to photos@dothaneagle.com. Please include caption information.
- Sign Up for Text Alerts
- Get today's weather