**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MACON AND JENNIFER RICHARDS, et al., )<br>   Plaintiffs, )<br> )<br>v. )<br> )<br>LESAFFRE YEAST CORPORATION, )<br>et al. )<br> )<br> )<br>   Defendants. ) | CIVIL ACTION NO.<br>1:07-CV-163 -MEF |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO REMAND

Comes now the Plaintiffs, in the above styled cause, and respond to Defendant's Lesaffre Yeast Corporation's Opposition to Plaintiffs' Motion for Leave to Amend Complaint and Motion to Remand. In support of said response Plaintiffs allege as follows:

1. Defendants argue that Plaintiffs' intent is to destroy this Court's subject matter jurisdiction by amending the Complaint to add Dennis Barry. That is incorrect. Plaintiffs are not attempting to "escape" federal jurisdiction because there is no reason to do so. Plaintiffs' Counsel have successfully litigated in the Middle District many times and know that this case would be treated with impartiality. There is no motive, as Counsel for Defendants repeatedly suggest, for Plaintiffs to evade the jurisdiction of a court in which they have full confidence.

2. Putting aside Defense Counsel's rhetoric, Plaintiffs did conduct an adequate investigation into the plant manager's identity. First, Plaintiffs' Counsel was informed by local counsel in Abbeville, Alabama that Dominique Ciboulet was believed to be the

plant manager. Next, in order to confirm that information, Plaintiffs' Counsel contacted a Plaintiff who lived close to the Plant and was presumed to have knowledge of the Plant's personnel. He confirmed Ciboulet's name. As a final measure, Plaintiffs' counsel conducted a search for Ciboulet's address on the internet and found an address located in Headland, Alabama, where the Lesaffre Plant is located. The convergence of these factors confirmed Plaintiffs' Counsel's reasonable belief that Dominique Ciboulet was the Plant Manager at the time the Complaint was filed.

3. Defendants' suggested investigative techniques are impractical and worrisome. Defendants first propose Plaintiffs Counsel should have telephoned the Lesaffre Plant in order to obtain the manager's name. To begin, the Plaintiffs honestly believed that there was no need to call the plant because their investigation had confirmed Ciboulet as the plant manager. Furthermore, although the Defendants suggest that a phone call would have resolved this issue, there is no guarantee that such a phone call would have been successful. The Plaintiffs argue that a conversation with a Plant Representative requesting the plant manager's name in order to sue him would not have been a successful endeavor. Therefore, in order to obtain the name using Defendants' strategy Plaintiffs would have had to call under a false pretext. This we could not do.

Defendants somehow claim that Plaintiffs should have known Dennis Barry's name because he was quoted in a single article published in the <u>Dothan Eagle</u> in 2006. The Defendants seem to be suggesting that Plaintiffs' Counsel must read every article in that particular newspaper in order to determine the plant manager's identity. Additionally, the Defendants are suggesting that Plaintiffs should possess the omniscience to know exactly which newspapers to read and when. Plaintiffs do not

accept these as viable investigative techniques. Moreover, if Plaintiffs had happened to read the article the Plant Manger's name was incorrectly listed as "David Barry" and not "Dennis Barry". It is also important to note that the article's focus was not on Lesaffre's yeast manufacturing operations but rather focused on severe weather. Such a focus would not be noticeable to someone who is researching specific Plant personnel and processes.

      4. Most important to the legal standard at issue, Plaintiffs reiterate that the purpose of the proposed amendment is to simply name the proper individual defendants who are legally responsible for Plaintiffs' injuries and necessary to adjudicate these claims. This is not a case where the plaintiff failed to add the plant manager in the original complaint. In this situation, Plaintiffs had every intent to include the current plant manager in the Complaint but instead, named only the former plant manager. Nor is this a case where these individuals will not be vigorously pursued. The proposed amendment allows the Plaintiffs to effectuate their original intent which was to include all individual defendants who were responsible for the status of the plant that caused the harm to Plaintiffs.

      Respectfully submitted,

      s/Rhon E. Jones
      Rhon E. Jones (JON093)
      Mary Pat O'Connor (OCO004)
      Spencer W. Danzey (DAN042)

Of Counsel:

Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL  36103

334-269-2343
334-954-7555 (fax)

Spencer W. Danzey
Gunter & Peterson, L.L.C.
Post Office Box 608
Abbeville, Alabama 36310
334-585-2246
334-585-5392 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedures, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

William S. Cox
Lana K. Alcorn
E. Hyde Carby
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203
Attorney for Defendant
Lesaffre Yeast Corporation

                                                   s/Rhon E. Jones
                                                   OF COUNSEL