IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MACON and JENNIFER RICHARDS, et al., )
)
    **Plaintiffs,** )
)
v. )   CIVIL ACTION NO.
)   1:07-CV-163
LESAFFRE YEAST CORPORATION, et al., )
)
    **Defendants.** )
)

### LESAFFRE'S SURREPLY TO PLAINTIFFS' MOTION TO REMAND AND MOTION TO AMEND

Defendant Lesaffre Yeast Corporation ("Lesaffre") submits this Surreply to address two points in Plaintiffs Macon and Jennifer Richards' ("Plaintiffs" or "Richards") Reply Brief. First, Plaintiffs' "mistake" regarding the plant manager's name does not support Plaintiffs' Motions to Remand and Amend. Second, the fact that there will be no prejudice if Plaintiffs' Motions to Remand and Amend are denied is not disputed by Plaintiffs.

**I.**   **Plaintiffs' Mistake is the Middle District's Definition of a Dilatory Attempt to Keep the Case In State Court**

What Plaintiffs characterize in their Reply as a mistake in failing to add a resident defendant before removal, the Middle District of Alabama calls a dilatory and improper attempt to keep a case in state court. In Norman v. Family Dollar Stores, Slip Copy, 2006 WL 3802390 (M.D. Ala.)(Fuller, C.J.), this Court explained, in analyzing remand under 28 U.S.C. §1447(e), that "a plaintiff's failure to name such a [resident] defendant when the suit was filed and before it was removed **is dilatory if** the plaintiff **could have ascertained** the identity of the resident defendant **without discovery**." Norman at *3 (emphasis added); see also Porterfield v. Flowers Baking Co. of Opelika, Slip Copy, 2006 WL 1147333 at *3 (M.D. Ala.)(Fuller, C.J.)(failure to name resident defendant before removal is dilatory if resident's identity could have been ascertained without discovery).

In this case, Plaintiffs do not dispute that they could have ascertained the identity of Dennis Barry, the current plant manager, without discovery. Thus, under the Middle District's

analysis of §14447(e), Plaintiffs' dilatory and improper attempt to deny this Court jurisdiction and keep this case in state court must be denied.

Furthermore, under the weight of authority in the Middle District of Alabama, Plaintiffs' Counsel's feeble assertions of an "adequate investigation" and "reasonable belief" as to the plant manager's identity fail to save the day.[1] As noted above, a plaintiff's attempt to name a resident defendant after removal is dilatory - and thus improper – if she could have determined the resident defendant's identity without discovery.

This Court's Norman and Porterfield decisions grow directly from its previous decision in Sexton v. G&K Services, 51 F.Supp.2d 1311 (M.D. Ala. 1999), and a discussion of that case further explains why Plaintiffs' investigation was inadequate. Notably, the same firm that here represents the Richards represented the Sexton plaintiff. 51 F.Supp.2d at 1311.

In Sexton, the plaintiff mistakenly believed that a resident individual was an employee of the foreign corporate defendant and added that party to the complaint filed in state court. When the corporate defendant removed to the Middle District based on diversity jurisdiction because the resident individual was not its employee, the plaintiff justified his attempt to remand on his belief that he had sued the relevant party and that the substitution[2] of the resident defendant who was an employee would simply correct plaintiff's mistake.

In denying the plaintiff's motion to amend its complaint, the Middle District focused on the fact that "there is no indication that the Plaintiff attempted to independently ascertain the identity of [the proper defendant] before filing the lawsuit" beyond a cursory examination of a contract pertinent to the case and that "the Plaintiff did not require discovery to confirm the proper identity of the resident defendant." Sexton at 1313-14. The Middle District went further to say that this lack of independent investigation to determine the proper party to sue "reflect that the Plaintiff has been more concerned with finding a resident agent to sue than with finding out who the agent was who was actually responsible." Id. at 1314.

In this case, Plaintiffs' Counsel's independent investigation consisted of this same kind of

---

[1] As the Middle District noted further in Norman it is characteristic of a dilatory and improper amendment that a plaintiff will be able to name a resident defendant "without any discovery once she had the proper incentive, namely to find a resident defendant to bring about remand." Id. at *3.

[2] While Plaintiffs make much of the fact that they are "adding" Mr. Barry rather than substituting him, this claim is plainly disingenuous in light of Plaintiffs' admission that they will not be prejudiced by the absence of Mr. Barry as will be discussed *infra*.

cursory exam -- an Internet search of Dominique Ciboulet's name.[3] Plaintiffs were so eager for a non-diverse name that they simply inserted that name into the space reserved in the Complaint for "resident defendant" with no regard for the accuracy of the information. Plaintiffs might as well have consulted a Ouija Board.

Because Plaintiffs performed no "viable" independent investigation and required no discovery to learn the identity of Mr. Barry, under this Court's reasoning in Sexton and its progeny Norman and Porterfield, Plaintiffs' Motions to Amend and Remand must be denied.

## II. Plaintiffs Do Not Refute That They Will Not Be Prejudiced If Mr. Barry Is Not Added

Tellingly, Plaintiffs simply fail to address the remainder of the 1447(e) factors expressed in Defendant's Opposition. Most importantly, Plaintiffs fail to explain how they will be prejudiced if Mr. Barry is not added as a party. There is no suggestion that the presence or absence of Mr. Barry (or Mr. Ciboulet for that matter) will hamper Plaintiffs' ability to obtain full relief. In fact, where there is a question of a principal's liability for the acts of an agent, the Middle District has held that the presence of the agent is not necessary for the plaintiff to obtain full relief. Moreover, Plaintiffs have not claimed that they will not have access to relevant discovery if Mr. Barry is not added. Sexton at 1314; Norman at *3 (Fuller, C.J.); Porterfield at *3 (Fuller, C.J.). Of course, Plaintiffs do not make these claims because they cannot.

Notwithstanding their abject failure to explain why they would be prejudiced if Mr. Barry is not added, Plaintiffs make the claim that they must sue both Ciboulet and Barry in order to obtain full relief. Plaintiffs make this contention in a thinly veiled attempt to maintain credibility because neither the facts nor the law bear it out.

This Court holds that an agent is simply not necessary for the just adjudication of claims where there are claims of wrongdoing against the agent and the principal is legally responsible

---

[3] Plaintiffs in their reply use almost a quarter of their entire argument dissecting the efficacy of Defendant's suggestions for learning the identity of the plant manager. First, a call to an employer is a useful and typical investigative technique for determining its employees' identities and is exponentially more accurate than a "Google" search. Second, the Dothan Eagle article stands for the proposition that Mr. Barry is known in the community as the manager of the yeast plant. Moreover, while the article did misidentify Mr. Barry as David rather than Dennis, it most certainly did not refer to the plant manager as Dominique Ciboulet. The attention devoted by Plaintiffs to this topic, in light of the fact that Plaintiffs ignore the other §1447(e) factors, should be seen for what it is: the worst kind of rabbit hole diversion.

for the acts of the agent. Furthermore, Plaintiffs do not claim that the law holds otherwise.

Because Plaintiffs will not be prejudiced if Mr. Barry is not added and do not make such a claim, their Motions to Amend and Remand must be denied under §1447(e).

### Conclusion

In conclusion, Plaintiffs' attempt to add Mr. Barry is dilatory under §1447(e). Sexton, Norman and Porterfield because they could have ascertained his identity without discovery. Furthermore, Plaintiffs will not be prejudiced if Mr. Barry is not added and do not make such a claim. Based on the foregoing, Plaintiffs Motions to Remand and Amend are due to be denied.

Respectfully submitted,

/s/ E. Hyde Carby
One of the Attorneys for Lesaffre Yeast Corporation

OF COUNSEL:
William S. Cox (wcox@lfwlaw.com)
Lana K. Alcorn (lalcorn@lfwlaw.com)
E. Hyde Carby (hcarby@lfwlaw.com)
**LIGHTFOOT, FRANKLIN & WHITE, L.L.C.**
The Clark Building
400 20TH Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rhon E. Jones, Esq.
Beasley Allen Crow Methvin
 Portis & Miles PC
P. O. Box 4160
Montgomery, AL 36103-4160

Spencer W. Danzey, Esq.
Guner & Petersen LLC
P. O. Box 608
Abbeville, AL 36310

/s/ E. Hyde Carby
OF COUNSEL