IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON and JENNIFER RICHARDS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:07-CV-163 |
| LESAFFRE YEAST CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ANSWER OF DEFENDANT DOMINIQUE CIBOULET

Defendant Dominique Ciboulet ("Mr. Ciboulet" or "Ciboulet") answers plaintiffs' Complaint and states for his defense:

### FIRST DEFENSE

As to the unnumbered paragraphs in plaintiffs' Complaint, Mr. Ciboulet states as follows:

### Nature of Action

Mr. Ciboulet admits that Lesaffre Yeast Corporation ("Lesaffre") owns and operates a yeast manufacturing plant in Headland, Alabama but denies that this case is appropriate for class action treatment. The remaining allegations in this paragraph are denied.

### Jurisdiction and Venue

Mr. Ciboulet admits the Lesaffre owns and operates a yeast manufacturing plant in Headland, Alabama but denies the remaining allegations of this paragraph.

### Parties

With regard to the numbered paragraphs of plaintiffs' Complaint, Mr. Ciboulet states as follows:

1. Mr. Ciboulet does not know whether plaintiffs are residents of Henry County, Alabama or whether any property owned by plaintiffs is located near the Lesaffre Plant; therefore Mr. Ciboulet denies these allegations. Mr. Ciboulet denies that plaintiffs' property has been affected in any way by any act or omission of Lesaffre or its employees.

2. Mr. Ciboulet denies that this case is appropriate for class action treatment or that any putative class members were adversely affected by the operations of the Lesaffre plant. The remaining allegations in Paragraph 2 are denied.

3. Mr. Ciboulet admits that Lesaffre is a Delaware corporation doing business in Henry County, Alabama located at 13211 US Hwy 431 Headland, AL, 36345.

4. Mr. Ciboulet denies that he is a resident of Henry County, Alabama. Mr. Ciboulet admits that he was the former plant manager of the Headland, Alabama plant but denies that he currently holds that position.

5. Paragraph 5 does not appear to be directed to Mr. Ciboulet. However, out of an abundance of caution, to the degree any allegation contained in Paragraph 5 is aimed at Mr. Ciboulet, it is denied.

### General Allegations

6. Mr. Ciboulet admits that Lesaffre operates a yeast manufacturing facility in Headland, Alabama.

7. Mr. Ciboulet affirms that the yeast manufacturing process is designed to produce yeast. Mr. Ciboulet further affirms that Lesaffre operates its yeast manufacturing plant in

compliance with applicable regulations and standards. Mr. Ciboulet denies the remaining portions of Paragraph 7.

8.   Mr. Ciboulet admits that acetaldehyde is a by-product of yeast production and that it is a regulated substance. Mr. Ciboulet denies the remaining allegations of Paragraph 8.

9.   Mr. Ciboulet admits that yeast production generates wastewater and that Lesaffre utilizes a land application process. Mr. Ciboulet further affirms that Lesaffre operates its yeast manufacturing plant in compliance with applicable regulations and standards. Mr. Ciboulet denies the remaining portions of Paragraph 9.

10.   Mr. Ciboulet denies the allegations contained in Paragraph 10.

11.   Mr. Ciboulet denies the allegations contained in Paragraph 11.

12.   Mr. Ciboulet denies the allegations contained in Paragraph 12.

13.   Mr. Ciboulet denies that he is the plant manager of Lesaffre's Headland facility. Mr. Ciboulet admits that he was formerly the plant manager but denies the rest of the allegations contained in Paragraph 13.

## **Class Action Allegations**

14.   Mr. Ciboulet adopts and incorporates its responses to Paragraphs 1-13.

15.   Mr. Ciboulet denies the allegations contained in Paragraph 15.

16.   Mr. Ciboulet denies the allegations contained in Paragraph 16.

17.   Mr. Ciboulet denies the allegations contained in Paragraph 17.

18. Mr. Ciboulet denies the allegations contained in Paragraph 18.

19. Mr. Ciboulet denies the allegations contained in Paragraph 19.

20. Mr. Ciboulet denies the allegations contained in Paragraph 20.

21. Mr. Ciboulet denies the allegations contained in Paragraph 21.

22. Mr. Ciboulet denies the allegations contained in Paragraph 22.

23. Mr. Ciboulet denies the allegations contained in Paragraph 23.

## Count I - Nuisance

24. Mr. Ciboulet adopts and incorporates its responses to Paragraphs 1–23.

25. The allegations contained in Paragraph 25 do not appear to be directed to Mr. Ciboulet; to the extent that they are directed to Mr. Ciboulet, they are denied.

26. The allegations contained in Paragraph 26 do not appear to be directed to Mr. Ciboulet; to the extent that they are directed to Mr. Ciboulet, they are denied.

27. The allegations contained in Paragraph 27 do not appear to be directed to Mr. Ciboulet; to the extent that they are directed to Mr. Ciboulet, they are denied.

## Count II – Negligence

28. Mr. Ciboulet adopts and incorporates its responses to Paragraphs 1-27.

29. Mr. Ciboulet denies the allegations contained in Paragraph 29.

30. Mr. Ciboulet denies the allegations contained in Paragraph 30.

31. Mr. Ciboulet denies the allegations contained in Paragraph 31.

32. Mr. Ciboulet denies the allegations contained in Paragraph 32.

33. Mr. Ciboulet denies the allegations contained in Paragraph 33.

### Count III – Wanton Conduct

34. Mr. Ciboulet adopts and incorporates its responses to Paragraphs 1-33.

35. Mr. Ciboulet denies the allegations contained in Paragraph 35.

### Jury Demand

36. Mr. Ciboulet denies that this case is appropriate for class action treatment or that any putative class member was adversely affected by the operations of the Lesaffre Plant. The remaining allegations in Paragraph 36 are denied.

### SECOND DEFENSE

All of the claims asserted by Plaintiffs fail to state a claim against Mr. Ciboulet upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs lack standing to bring some or all of the claims set forth in the Complaint.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by Alabama's rule of repose and/or prescription.

## FIFTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the applicable statutes of limitations.

## SIXTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the doctrine of waiver or estoppel.

## SEVENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the doctrine of laches.

## EIGHTH DEFENSE

Mr. Ciboulet is not guilty of the matters and things alleged in the Complaint.

## NINTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the doctrines of contributory negligence and assumption of the risk.

## TENTH DEFENSE

Mr. Ciboulet owed no duty to Plaintiffs.

## ELEVENTH DEFENSE

No action of Mr. Ciboulet was the proximate cause of any injury to Plaintiffs.

## TWELFTH DEFENSE

No action of Mr. Ciboulet was the actual cause of any injury to Plaintiffs.

## THIRTEENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by coming to the nuisance doctrine.

## FOURTEENTH DEFENSE

Plaintiffs failed to take reasonable steps available to mitigate the damages alleged to have been suffered and are, therefore, barred from recovery against Mr. Ciboulet.

## FIFTEENTH DEFENSE

Plaintiffs are not entitled to recover the damages described in the Complaint.

## SIXTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of consent.

## SEVENTEENTH DEFENSE

Imposition of punitive damages or damages for mental anguish in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

## EIGHTEENTH DEFENSE

The procedure and methods utilized for awarding punitive damages and damages for mental anguish in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

Unless Mr. Ciboulet's liability for punitive damages and damages for mental anguish and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Mr. Ciboulet's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTIETH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr.

Ciboulet cannot be upheld, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate Mr. Ciboulet's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Mr. Ciboulet's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on such damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Mr. Ciboulet's due process and equal protection rights

guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate Mr. Ciboulet's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Mr. Ciboulet's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish cannot be upheld, because an award of such damages under state law without the same protections that are accorded criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses and to a speedy trial would violate Mr. Ciboulet's rights under the Fourteenth Amendment to the United

States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses and to a speedy trial, and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because they have failed to exhaust all administrative remedies.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims should be dismissed or stayed pursuant to the primary jurisdiction doctrine.

## TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any are sought in this case, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Lesaffre would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process of law.

## TWENTY-NINTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clauses of the United States and Alabama Constitutions.

## THIRTIETH DEFENSE

Any punitive damage award in this case may not exceed those limits set forth in Ala.

Code § 6-11-21, as amended. Mr. Ciboulet also pleads that any award of punitive damages against it must adhere to and comply with the provisions of Ala. Code § 6-11-21, as amended.

### THIRTY-FIRST DEFENSE

Plaintiffs have failed to meet the prerequisites for maintaining a class action pursuant to Fed. R. Civ. P. 23 because there is no commonality or typicality of claims nor can the named plaintiffs adequately represent the putative class and/or subclasses.

### THIRTY-SECOND DEFENSE

Plaintiffs proposed class action does not satisfy the requirements of Fed. R. Civ. P. 23 in that the individual issues predominate over common issues and a class action is not the superior method of dealing with these claims.

### THIRTY-THIRD DEFENSE

Plaintiffs have not joined the party or parties at fault for their alleged injuries. Mr. Ciboulet reserves the right to seek an allocation of fault.

### THIRTY-FOURTH DEFENSE

Plaintiffs lack standing to bring this lawsuit.

/s/ E. Hyde Carby
One of the Attorneys for
Lesaffre Yeast Corporation

OF COUNSEL:
William S. Cox (wcox@lfwlaw.com)
Lana K. Alcorn (lalcorn@lfwlaw.com)
E. Hyde Carby (hcarby@lfwlaw.com)
**LIGHTFOOT, FRANKLIN
& WHITE, L.L.C.**
The Clark Building
400 20TH Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rhon E. Jones, Esq.
Beasley Allen Crow Methvin
    Portis & Miles PC
P. O. Box 4160
Montgomery, AL 36103-4160

Spencer W. Danzey, Esq.
Guner & Petersen LLC
P. O. Box 608
Abbeville, AL 36310

/s/ E. Hyde Carby
OF COUNSEL