IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON and JENNIFER RICHARDS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 1:07-cv-163-MEF |
| ) | |
| LESAFFRE YEAST CORPORATION, ) | (WO - Recommended for Publication) |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (Doc. # 6) and Motion to Remand (Doc. # 7). Lesaffre Yeast Corporation ("Lesaffre") has filed briefs in opposition to both motions. The Court has carefully considered the submissions in support of and in opposition to the motions, as well as the applicable law, and finds for the reasons set forth in this Memorandum Opinion and Order that Plaintiffs' motions are due to be DENIED.

**FACTUAL AND PROCEDURAL HISTORY**

On January 18, 2007, Macon and Jennifer Richards ("Plaintiffs") filed suit against Lesaffre and Dominique Ciboulet ("Ciboulet") in the Circuit Court of Henry County, Alabama. On behalf of a class, Plaintiffs sought an unspecified amount of punitive and compensatory damages for injuries allegedly suffered by pollution from Lesaffre's Henry County plant ("the Lesaffre plant"). Plaintiffs' claims are for nuisance, negligence, and wantonness.

On February 23, 2007, Lesaffre timely filed a Notice of Removal (Doc. # 1) invoking this Court's subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. Lesaffre filed its Answer on the same date (Doc. # 3).

On March 16, 2007, Plaintiffs filed a Motion for Leave to Amend Complaint (Doc. # 6). By this motion, Plaintiffs seek to add Dennis Barry ("Barry"), the current manager of the Lesaffre plant and a citizen of Alabama, as a defendant to this action. Plaintiffs contend that they mistakenly believed that Ciboulet was the current plant manager. Plaintiffs note that the addition of Barry would strip this Court of its jurisdiction over this action. Accordingly, on the same date Plaintiffs filed a Motion to Remand (Doc. 7), in which their entire argument in support of remand is predicated on the lack of diversity of citizenship created by the addition as a defendant of Barry.

Lesaffre filed a response and a surreply to Plaintiffs' motions. Therein, Lesaffre contends that the motions should be denied because Plaintiffs' purpose in seeking amendment is to destroy this Court's subject matter jurisdiction. They argue that Plaintiffs should have known of Barry, were dilatory in seeking amendment, and will not be prejudiced by denial of their motion to amend.

## JURISDICTION AND VENUE

Based on the record before it, there is no dispute that Plaintiffs and Lesaffre are citizens of different states for purposes of 28 U.S.C. § 1332. Moreover, Plaintiffs have not challenged Lesaffre's contention that the amount in controversy requirement for subject

matter jurisdiction is satisfied. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The parties have not disputed personal jurisdiction or venue, and the Court finds an adequate evidentiary basis for both personal jurisdiction and venue.

## DISCUSSION

To the extent that Plaintiffs' proposed amendment of the Complaint seeks to add a new party, who is not diverse in citizenship from Plaintiffs, it is a post-removal amendment which would destroy this Court's subject matter jurisdiction. Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. However, "[t]he district court, when faced with amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851 (1989). *Accord, Sexton v. G & K Servs., Inc.,* 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) (Albritton, J.). Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been

> dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Sexton,* 51 F. Supp. 2d at 1312. *Accord, Hensgens,* 833 F.2d at 1182; *Smith v. White Consol. Indus., Inc.,* 229 F. Supp. 2d 1275, 1279-80 (N.D. Ala. 2002); *Jerido v. American Gen. Life & Accident Ins. Co.,* 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001) (Albritton, J.); *Bevels v. American States Ins. Co.,* 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000) (Albritton, J.).

### 1. Intent to Defeat Federal Subject Matter Jurisdiction

Plaintiffs cannot seek to amend solely for the purpose of defeating federal subject matter jurisdiction. Where the amendment seeks to add nondiverse defendants, of whom the plaintiff was aware or should have been aware at the time the suit was filed, and occurs only after removal of the case, this court has previously held that the nondiverse defendants were sought to be added for the purpose of keeping the case out of federal court. *See, e.g., Smith,* 229 F. Supp. 2d at 1280; *Bevels*, 100 F. Supp. 2d at 1313; *Sexton,* 51 F. Supp. 2d at 1312-14. From the record before this Court, it appears that the intent of Plaintiffs' proposed amendment is solely to defeat federal subject matter jurisdiction.

### 2. Dilatory Amendment

It appears to the Court that Plaintiffs have been dilatory in amending the Complaint to add Barry. "Another factor to consider in determining the propriety of the amendment is whether the plaintiff was dilatory in seeking to add [the nondiverse defendant] to the case." *Smith,* 229 F. Supp. 2d at 1282. A plaintiff who waits to seek to amend the complaint to add

a known nondiverse party can be found to have been dilatory about seeking the amendment. *See, e.g., id*. While a plaintiff may argue that discovery was necessary to confirm the proper identity of the resident defendant, a plaintiff's failure to name such a defendant when the suit was filed and before it was removed is dilatory if plaintiff could have ascertained the identity of the resident defendant without discovery. *Sexton,* 51 F. Supp. 2d at 1314. In this case, it is not clear why Plaintiffs were unable to identify Barry earlier. In fact, it appears that with minimal effort they could have done so.

### 3. Lack of Injury or Prejudice to Plaintiffs

Plaintiffs will not be injured or prejudiced by denial of the proposed amendment. They can proceed with a separate state court action against Barry should they so desire. Further, they can obtain full relief from Lesaffre in this case, even without Barry being present as a defendant in this action. Courts look to several factors when addressing whether a plaintiff will suffer any injury if the proposed diversity destroying amendment is denied. For example, a court may address whether a plaintiff will be able to obtain full relief on his claims without the presence of the nondiverse defendant. *See, e.g., Jerido,* 127 F. Supp. 2d at 1325; *Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. The court may also consider whether the existing defendant can satisfy any potential judgment, whether the existing defendant is legally responsible for the acts of the nondiverse party and can be held liable for them without the nondiverse party being made a defendant to the same action, and whether the plaintiff has adequate access to discovery without the presence of the nondiverse

defendant. *See, e.g., Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. Moreover, a court may consider that a plaintiff will not be significantly injured if amendment is denied where plaintiff has the option of filing suit in state court against the resident defendants. *See, e.g., Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. Clearly, the defendant more likely to be able to satisfy a judgment is the corporate entity, not the plant manager. Moreover, there is nothing to prevent Plaintiffs from proceeding with two separate actions: one in federal court against Lesaffre and Ciboulet and one in state court against Barry.

### 4. Other Equitable Concerns

Other equitable concerns support a denial of the proposed amendment. "In balancing the equities, the parties do not start out on an equal footing." *Bevels,* 100 F. Supp. 2d at 1313. *Accord, Jerido,* 127 F. Supp. 2d at 1326. The very purpose of the removal statutes is to give diverse defendants the right to choose between a state or federal forum. *Sexton*, 51 F. Supp. 2d 1313. *Accord*, *Hensgens*, 833 F.2d at 1181. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity." *Sexton,* 51 F. Supp. 2d at 1313. Lesaffre has the right to remove this case to federal court because diversity jurisdiction clearly existed when the suit was filed and at the time of removal. In this Court's view, the proposed amendment would be an act of futility which would accomplish little other than establishing grounds for remand which should not otherwise exist. This Court will

not allow Plaintiffs to deprive Lesaffre of its right to litigate this case in this Court.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiffs' Motion for Leave to Amend Complaint (Doc. # 6) is DENIED.

2. Plaintiffs' Motion to Remand (Doc. # 7) is DENIED because this Court has original subject matter jurisdiction over this action.

DONE this the 1st day of August, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.    Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).