IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MACON and JENNIFER RICHARDS, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **LESAFFRE YEAST CORPORATION, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | **CIVIL ACTION NO.** <br> **1:07-CV-163** |

## REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 5, 2007, between Rhon E. Jones and Mary Pat O'Connor for the plaintiffs and E. Hyde Carby for the Defendantss.

2.  Discovery Plan:

    A.  Initial disclosures required under Rule 26(a)(1) shall be filed and served no later than **October 5, 2007**.

    B.  All discovery shall be commenced in time to be completed by **October 1, 2008.**

    C.  A maximum of sixty (60) interrogatories by each party to any other party, with responses due thirty (30) days after service.

    D.  No limit on the number of requests for admission by each party to any other party, with responses due thirty (30) days after service.

    E.  A maximum of sixty (60) requests for production by each party to any other party, with responses due thirty (30) days after service. Either party may seek leave of

court for additional requests for production.

    F.    The parties could not reach an agreement on disclosure or discovery of electronically stored information. The parties submit the following alternatives:

**Plaintiffs' Proposal**: Disclosure of discovery of electronically stored information should be handled in accordance with the Federal Rules of Civil Procedure. To that end, the parties will submit appropriate ESI Preservation and Production orders for the Court's review and consideration. Each party will bear its own cost associated with producing electronic discovery. In the event the production requires undue burden or cost, the parties will follow the provisions of Fed. R. Civ. P. 26(b)(2) regarding motions to compel and protective orders. Prior to filing a motion to compel, the parties shall meet and confer in good faith to resolve the dispute.

**Defendants' Proposal**: Defendants propose that discovery of electronically stored information be handled in accordance with the Federal Rules of Civil Procedure. Before discovery of electronically stored information may be had, the parties will confer in good faith regarding the scope of any electronically stored information sought by either party and the burdens and costs of producing such information. The parties reserve the right to seek relief from the Court in the event they cannot reach an agreement regarding the scope, burdens and costs of production of electronically stored information.

    G.    The parties will jointly attempt to prepare and submit a Proposed Protective Order governing discovery and any claims of privilege or production thereto.

    H.    Reports from retained experts on issues relating to class certification:

    i.    <u>From the Plaintiffs</u>: No later than **March 13, 2008**, plaintiffs shall identify and submit reports for any retained expert(s) pursuant to Rule 26. Plaintiffs' designated

expert(s) must be made available for deposition no later than **April 10, 2008**.

    ii. <u>From Defendants</u>: No later than **May 8, 2008**, Defendants shall identify and submit reports for any retained expert(s) pursuant to Rule 26. Defendants' designated expert(s) must be made available for deposition no later than **June 12, 2008**.

  I. Disclosure or discovery of electronically stored information should be handled in accordance with the Federal Rules of Civil Procedure, as amended on December 1, 2006.

  J. Parties are limited to thirty (30) fact witness depositions. Individual fact witness depositions are not to exceed seven (7) hours.

  K. There is no limit to the number of expert depositions a party may take. The party proffering the expert for deposition shall pay for the expert's fees and costs.

  L. The parties could not reach an agreement on the preferable duration of expert depositions. The parties submit the following alternatives:

    **Plaintiffs' Proposal:** Each expert deposition shall be limited to a total of seven (7) hours.

    **Defendants' Proposal:** Each expert deposition will continue as reasonably needed from time to time, not to exceed seven (7) hours per day, until it is complete.

  M. Motions challenging class certification experts and supporting materials must be filed no later than **July 10, 2008**.

  3. Any motion for class certification and brief in support of class certification must be filed no later than **August 7, 2008**. Defendants will have forty five (45) days thereafter to file any submissions in opposition to class certification. Plaintiffs will thereafter have an additional

fifteen (15) days to file any supplementary submissions regarding class certification. Defendants will have fifteen (15) days thereafter to file any opposing supplementary submissions.

4. The parties propose that the Court set any class certification hearing within forty-five (45) days after the parties' last submission on class certification as set out herein.

5. Final lists of evidence for use at the class certification hearing should be due:

   A. <u>From Plaintiffs</u>: Witnesses by thirty (30) days before class certification hearing: exhibits by thirty (30) days before the class certification hearing.

   B. <u>From Defendants</u>: Witnesses by thirty (30) days before class certification hearing; exhibits by thirty (30) days before the class certification hearing.

   C. Parties will have ten (10) days after service of lists of class certification hearing evidence to file objections under Rule 26(a)(3).

6. Reports from retained experts on issues relating to trial:

   A. <u>From the Plaintiffs</u>: No later than **September 1, 2008**, plaintiffs shall identify and submit reports for any retained expert(s) pursuant to Rule 26. Plaintiffs' designated expert(s) must be made available for deposition no later than **September 26, 2008**.

   B. <u>From Defendants</u>: No later than **October 24, 2008**, Defendants shall identify and submit reports for any retained expert(s) pursuant to Rule 26. Defendants' designated expert(s) must be made available for deposition no later than **November 21, 2008**.

7. Parties will exchange their trial witness and exhibit lists forty five (45) days before the trial date. Objections will be due twenty (20) days before trial.

8. Deposition designations will be due thirty (30) days before trial. Counter-designations will be due fifteen (15) days before trial. Objections to designations will be due fifteen (15) days before trial.

9. Dispositive motions and motions challenging trial experts and supporting materials must be filed on or before **December 19, 2008**.

10. The Pretrial Conference should be held on **February 9, 2009**. This case should be ready for trial in March of 2009.

11. Settlement cannot be realistically evaluated at this time.

12. The foregoing deadlines may be modified by agreement of the parties or by the Court for good cause shown.

Dated: September 20, 2007

Respectfully submitted,

/s/ E. Hyde Carby
One of the Attorneys for Lesaffre Yeast Corporation

OF COUNSEL:
William S. Cox (wcox@lfwlaw.com)
Lana K. Alcorn (lalcorn@lfwlaw.com)
E. Hyde Carby (hcarby@lfwlaw.com)
**LIGHTFOOT, FRANKLIN & WHITE, L.L.C.**
The Clark Building
400 20TH Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (facsimile)

/s/ Rhon E. Jones
One of the Attorneys for Macon and Jennifer Richards

OF COUNSEL:
Rhon E. Jones (rhon.jones@beasleyallen.com)
Mary Pat O'Connor (marypat.oconnor@beasleyallen.com)
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC**
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)