**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MACON AND JENNIFER RICHARDS, et al., | ) ) | |
|       Plaintiffs, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:07-CV-163 -MEF |
| | ) | |
| LESAFFRE YEAST CORPORATION, et al. | ) ) | |
| | ) | |
| | ) | |
|       Defendants. | ) | |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT TO VOLUNTARILY
DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE AND TO PROCEED
WITH INDIVIDUAL CLAIMS**

The plaintiffs, in their individual capacities, by and through counsel, and pursuant to Rules 15 and 23 of the Federal Rules of Civil Procedure, move this Court for an Order granting them leave to dismiss without prejudice all class allegations asserted in their Complaint and to proceed with their individual claims in this action.

In support of this motion, the plaintiffs state as follows:

1.  The plaintiffs filed their complaint in the Circuit Court of Henry County on January 18, 2007. The defendants subsequently removed the action to this Court on February 23, 2007. The plaintiffs filed a motion to remand on March 16, 2007 and this Court denied the remand motion on August 1, 2007. The plaintiffs originally sued individually and on behalf of a class of persons similarly situated, as further defined in the Complaint.

2.  This motion to amend is timely filed under the Court's scheduling order.

3.    The plaintiffs' motion to amend to voluntary dismiss their class allegations without prejudice also comes before class certification has been submitted or approved and before any motion for summary judgment has been filed by the defendants.

4.    The plaintiffs have not compromised or settled their individual claims against the defendants or those of the putative class.

5.    The purpose of the plaintiffs' motion is to allow them to proceed with their individual claims against the defendants in this action in an orderly and expeditious manner.

6.    Members of the putative plaintiff class will not be prejudiced by the dismissal (without prejudice) of the class allegations in the Petition for the following reasons:

    a.  No class has been certified in this action;

    b.  The plaintiffs have not compromised or settled their claims with the defendants;

    c.  The limitations period applicable to the claims in the complaint do not expire in the near future, and, accordingly, putative class members would not be prejudiced in attempting to file their own individual or class claims.

7.    Regarding the dismissal or compromise of a class action, Rule 23(e) Fed. R. Civ. P. provides the following:

> (e) Settlement, Voluntary Dismissal, or Compromise.
> (1)(A) The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.
>
> (B) The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.

8.      Although the plaintiffs are willing to provide absent putative class members with notice of the dismissal (without prejudice) of their class allegations in any manner directed by the Court, the plaintiffs also submit that such notice appears not to be necessary in light of the fact that no class has been certified in this action.

9.      The 11th U. S. Circuit Court of Appeals has not specifically decided the issue of whether a putative class action constitutes a class action, subject to the notice requirements of Rule 23, prior to certification. *Rice v. Ford Motor Co.,* 88 F.3d 914, 920 (11th Cir. 1996)  (affirming the district court's dismissal of the uncertified class action without notification to the putative class members). The Court specifically explained that "[i]n this Circuit, the applicability of Rule 23(e) to proposed classes prior to their certification is an open question." 88 F.3d at 920 fn. 8. (Citations omitted).

10.     However, this Court determined that no notice is required when dismissing class allegations prior to certification so long as, "there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal, and no evidence of any prejudice to absent class members…." *Gunn v. World Omni Financial Corp.* 184 F.R.D. 417, 419 (M.D. Ala. 1999) (citing  *Anderberg v. Masonite Corp.,* 176 F.R.D. 682 (N.D.Ga.1997)).

11.     First, the present case does not represent a situation where the named representatives have settled their individual claims and now seek voluntary dismissal of the class allegations.  Instead, the class representatives will continue to litigate their individual claims after the class allegations have been dismissed.  Accordingly, there is no evidence of collusion between the defendants and plaintiffs in seeking the dismissal.

12.     Second, the voluntary dismissal of the class allegations will not result in any prejudice to absent class members.  One purpose of the notice requirement is to ensure that absent class members do not act in reliance upon the class action suit and fail to file lawsuits of their own. *Gunn,* 184 F.R.D. at 419.  In other words, the notice requirement was established as a way to inform class members that there may be an impending statute of limitations that could bar their claims.  There is no such statute of limitations issue in the present case.  The Defendants'conduct as well as the class members' injuries are continuing in nature.  For that reason, there is no danger that unnamed class members will lose individual litigation opportunities if they do not receive notice of this dismissal.  Additionally, the class has not yet been certified.

13.     In light of the fact that the voluntary dismissal of the plaintiffs' class action allegations (without prejudice) is not the result of a settlement with the defendants and that the absent class members will not be prejudiced, the plaintiffs respectfully suggest that the issuance of a notice pursuant to Rule 23(e) is not necessary in this instance.  However, as stated above, the plaintiffs are more than willing to provide such notice to absent putative class members, as the Court in its discretion deems appropriate.

WHEREFORE, the premises considered, the plaintiffs request that the Court issue an Order granting their Motion to dismiss without prejudice all of the class allegations asserted in their Complaint and to permit them to proceed with their individual claims against the defendant in this action.

Respectfully submitted,

s/Rhon E. Jones
Rhon E. Jones (JON093)
Mary Pat O'Connor (OCO004)
Spencer W. Danzey (DAN042)

Of Counsel:

Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL  36103
334-269-2343
334-954-7555 (fax)

Spencer W. Danzey
Gunter & Danzey, P.C.
Post Office Box 608
Abbeville, Alabama 36310
334-585-2246
334-585-5392 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedures, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

William S. Cox
Lana K. Alcorn
E. Hyde Carby
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203
Attorney for Defendant
Lesaffre Yeast Corporation

s/Rhon E. Jones
OF COUNSEL