IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON RICHARDS, *et al.*,       ) | |
| ) | |
| Plaintiffs,       ) | |
| ) | |
| v.       ) | CASE NO. 1:07-cv-163-MEF |
| ) | |
| LESAFFRE YEAST CORP., *et al.*,       ) | (WO) |
| ) | |
| Defendants.       ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' Motion to Amend Complaint to Voluntarily Dismiss Class Allegations Without Prejudice and to Proceed With Individual Claims (Doc. # 31), filed December 5, 2007. In this motion, Plaintiffs seek voluntary dismissal of their class allegations, without prejudice, and to proceed only with their individual claims against the defendants. The issue that must be decided by this Court is whether Plaintiffs must provide notice to the absent putative class members of the dismissal pursuant to Fed. R. Civ. P. 23(e), even though the class has not been certified.

In this circuit, the applicability of Rule 23(e) to proposed classes prior to their certification remains an open question. *Rice v. Ford Motor Co.*, 88 F.3d 914, 920 n.8 (11th Cir. 1996); *Gunn v. World Omni Financial Corp.*, 184 F.R.D. 417, 419 (M.D. Ala. 1999) (Albritton, J.). However, this Court does not need to decide whether Rule 23(e) applies to proposed classes because, even if it did, notice would not be necessary.

Courts applying Rule 23(e) to voluntary dismissal of class allegations prior to

certification do not require certification where there is no evidence of collusion between the named plaintiffs and the defendants, and the putative class members will not be prejudiced by dismissal. *Gunn*, 184 F.R.D. at 419 (citing *Anderberg v. Masonite Corp.*, 176 F.R.D. 682 (N.D. Ga. 1997)). Moreover, in order to make this determination, these courts have identified several factors to consider, including (1) whether plaintiffs are dismissing the class allegations to extract a more favorable settlement for themselves; and (2) whether absent class members who may have refrained from filing suit because of knowledge of the pending action will be prejudiced. *Id.* (citing *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989)).[1]

None of the above factors weigh in favor of requiring notice to putative class members in this case. First, there is no evidence that Plaintiffs are seeking dismissal in order to extract a more favorable settlement. *Diaz*, 876 F.2d at 1409. Indeed, Plaintiffs have represented in their motion that the case has not been settled, and they will continue to litigate their individual claims against Defendants after the class allegations have been dismissed. Therefore, they could not possibly be using the class allegations merely as a pretext to obtain leverage in settlement negotiations. Second, there is also no evidence that putative class

---

[1] Courts have also identified a third interest that notice to class members is designed to protect, namely protection from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay class claims. *Diaz*, 876 F.2d at 1409. However, because Plaintiffs are continuing to litigate their individual claims and have not achieved a settlement, this interest does not apply to this case. *See id.*; *Simer v. Rios*, 661 F.2d 655, 665 (7th Cir. 1981).

members will be prejudiced from the dismissal of the class allegations. Based on the submissions made to this Court, the conduct on the part of the Defendants that is the subject of this dispute is ongoing, which means that the putative class members' claims are subject to the continuing torts doctrine. *See Santiago v. Lykes Bros. S.S. Co.*, 986 F.2d 423, 426-27 (11th Cir. 1993) (noting that Alabama recognizes continuing torts doctrine, where plaintiff may recover all damages incurred during the applicable statute of limitations). Therefore, there is no imminent expiration of the statute of limitations that will bar the class members' claims. *See Diaz*, 876 F.2d at 1409-11.

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that

(1) Plaintiffs' Motion to Amend Complaint to Voluntarily Dismiss Class Allegations Without Prejudice and to Proceed With Individual Claims (Doc. # 31) is GRANTED.

(2) Plaintiffs shall file their amended complaint on or before January 22, 2008.

DONE this the 10th day of January, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE