IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON AND JENNIFER RICHARDS, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:07-CV-163 -MEF |
| LESAFFRE YEAST CORPORATION ) | |
| AND DOMINIQUE CIBOULET, ) | **Jury Trial Requested** |
| ) | |
| ) | |
| **Defendants.** ) | |

## AMENDED COMPLAINT

### NATURE OF ACTION

This is a civil action seeking declaratory relief, injunctive relief, equitable relief, compensatory and punitive damages on behalf of Plaintiffs for emotional distress and property damage arising from the intentional, knowing, reckless and negligent acts and/or omissions of the Defendants. As a direct and proximate result of the Defendants' acts and/or omissions, the Plaintiffs' property was repeatedly permeated with a foul odor. The odor occurred in connection with Lesaffre's yeast manufacturing process and/or Lesaffre's wastewater disposal system at, originating from and/or otherwise attributable to, Lesaffre's facility in Headland, Henry County, Alabama (the "Lesaffre Plant").

### JURISDICTION AND VENUE

The plaintiffs filed their complaint in the Circuit Court of Henry County on January 18, 2007. The defendants subsequently removed the action to this Court on

February 23, 2007.  The Plaintiffs filed a motion to remand on March 16, 2007 and this Court denied the remand motion on August 1, 2007.

## PARTIES

1.  Plaintiffs, Macon and Jennifer Richards, are residents of Henry County, State of Alabama.  Plaintiffs' property is located close to the Lesaffre Plant and/or areas affected by the odor originating from and/or otherwise attributable to the Lesaffre Plant and/or the lands Lesaffre utilizes for application of its wastewater.  Due to the odorous compounds caused by the Lesaffre Plant and/or Lesaffre's wastewater application process, the value of Plaintiffs' property has been adversely affected.

2.  Defendant Lesaffre Yeast Corporation is a Delaware corporation doing business in Henry County, Alabama located at 13211 US Highway 431 South, Headland, Alabama, 36345.

3.  Upon information and belief, Defendant Dominique Ciboulet is a resident of the State of Wisconsin.  Defendant Dominique Ciboulet was the former Plant Manager of the Lesaffre Plant located in Headland, Alabama.

## FACTUAL ALLEGATIONS

4.  Lesaffre Yeast Corporation operates a yeast manufacturing facility in Headland, Alabama.

5.  The yeast manufacturing process can cause the release of odorous compounds such as yeast and molasses.  As a result, offensive odors envelop the surrounding community.  Regularly, the odor reaches such a degree that neighboring landowners must shut their windows and remain inside to obtain relief.

6.  In addition to the emission of malodorous compounds such as yeast and molasses, Defendant's manufacturing process also emits acetaldehyde. Not only does acetaldehyde impart a pungent, suffocating odor at high concentrations, it is also a hazardous air pollutant as defined under Section 112 of the *Clean Air Act*.

7.  The yeast manufacturing process results in the production of wastewater. In order to dispose of the wastewater, Lesaffre engages in a land application process. The application process involves the use of pivots to liberally distribute the wastewater onto many acres of land surrounding the facility. As a result of the application process, hay feed is grown which is then sold for a profit. The odor emitted from the application practice is highly offensive to adjacent landowners.

8.  In committing the acts and omissions described herein, the Defendants emitted an odor into the surrounding community which was so offensive that it interfered materially with the ordinary comfort of the Plaintiffs' existence.

9.  In committing the acts and omissions described herein, the Defendants have acted clandestinely, illegally, intentionally, wantonly, willfully, fraudulently, negligently, and with gross negligence. The acts of the Defendants were done without regard for the Plaintiffs' property and the environmental integrity of the surrounding land. In addition, said acts were done without regard to the health and safety of these Plaintiffs. Furthermore, the Defendants' acts were done in disregard of the Defendants' duty of care to these Plaintiffs, in the creation and releasing of malodorous particles and emissions. Finally, the Defendants' conduct establishes a pattern and practice of intentional wrongful conduct, as well as actual malice.

10.     The release of highly odorous compounds into the air by Defendants has adversely impacted and continues to adversely impact the value of the property in which Plaintiffs have an ownership or other possessory interest.

11.     Defendant Dominique Ciboulet, as the former Plant Manager of Lesaffre's Headland facility, was responsible for supervision of the manufacturing processes of the facility, including the manufacturing and production of yeast as well as the use, discharge, and disposal of wastewater.  Additionally, Defendant Dominique Ciboulet was responsible for ensuring that the manufacturing and wastewater disposal activities were performed in accordance with applicable standards of care, all applicable regulatory requirements and guidelines, and all applicable laws, and without harm to the environment and surrounding areas and persons who live in those areas.

## COUNT I

### Nuisance

12.     Plaintiffs repeat and reallege all prior allegations of this Complaint.

13.     Defendants' acts and omissions with respect to the releases of foul odors caused and continue to cause a material, substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property and have materially diminished and continue to diminish the value of such property.

14.     Defendants' material, substantial and unreasonable interference with the use and enjoyment of Plaintiffs' property and continuing material, substantial and unreasonable interference with such use and enjoyment constitutes a continuing private nuisance.

15. Defendants' creation and continuing creation of a private nuisance proximately caused and continues to proximately cause damage to Plaintiffs in the form of emotional distress and property damage for which the Defendants are liable.

16. As a direct and proximate result of the acts and omissions of Defendants: 1) Plaintiffs have lost the beneficial use, enjoyment, and exclusive possession of their property; 2) Plaintiffs' property has declined in value and continues to decline in value as a result of the contamination; and 3) Plaintiffs suffered and continue to suffer property damage, economic loss, emotional distress and inconvenience in having to reside on property affected by the odor.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs, and such other relief the Court may deem just and equitable.

## COUNT II

### Negligence

17. Plaintiffs repeat and reallege all prior allegations of this Complaint.

18. At all relevant times, Defendants had a duty to exercise due care in the manufacturing of yeast and the disposal of process wastewater. As the former Plant Manager of the Lesaffre facility, defendant Dominique Ciboulet had a duty to administer and oversee the plant with due care. Additionally, Dominique Ciboulet had a duty to ensure that plant processes were executed with due care.

19. The Defendants breached their duty of care by operating and managing the Lesaffre Plant and disposing of wastewater in such a manner as to negligently cause,

5

permit and/or allow the release of foul odor onto the Plaintiffs' property and/or failing to take timely, adequate, reasonable and sufficient steps to prevent the release of malodorous odors onto the Plaintiffs' property.

20. The Defendants' negligent acts and omissions proximately caused and continue to proximately cause damage to Plaintiffs in the form of property damage and the creation of conditions that are harmful to human health and the environment.

21. At all relevant times, Defendants knew or should have known that both their yeast manufacturing process as well as their wastewater application technique were contaminating the surrounding air with foul odors and that such odors would eventually enter Plaintiffs' property.

22. As a direct and proximate result of the acts and omissions of Defendants: 1) Plaintiffs have lost the beneficial use, enjoyment, and exclusive possession of their property; 2) Plaintiffs' property has declined in value and continues to decline in value as a result of the contamination; and 3) Plaintiffs suffered and continue to suffer property damage, economic loss, emotional distress and inconvenience in having to reside on property affected by the odor.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs and such other relief that Plaintiffs may be justly entitled to receive.

## COUNT III

### Wanton Conduct

23. Plaintiffs repeat and reallege all prior allegations of this Complaint.

24.     The Defendants have known of and consciously disregarded the serious effect which the release of malodorous compounds into the air had on the surrounding properties and their value. The Defendants consciously and deliberately released these compounds and deny their conduct with the full understanding of the dangers and consequences to the Plaintiffs. This conduct constitutes wantonness, said wantonness being a direct and proximate cause and/or contributing cause to the damages and injuries sustained by the Plaintiffs. The acts of the Defendants are willful, wanton, illegal, fraudulent, negligent and done in gross disregard for the Plaintiffs' property rights.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, individually, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs and such other relief that Plaintiffs may be justly entitled to receive.

## JURY DEMAND

25.     Plaintiffs demand a trial by jury on all issues herein stated.

WHEREFORE, Plaintiffs pray that this Honorable Count enter judgment against Defendants, individually, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit as provided by law, and such other relief as the Court may deem just and equitable.

Respectfully submitted,

s/Rhon E. Jones
Rhon E. Jones (JON093)
Mary Pat O'Connor (OCO004)
Spencer W. Danzey (DAN042)

Of Counsel:

Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.

7

218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103
334-269-2343
334-954-7555 (fax)

Spencer W. Danzey
Gunter & Danzey, P.C.
Post Office Box 608
Abbeville, Alabama 36310
334-585-2246
334-585-5392 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedures, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

William S. Cox
Lana K. Alcorn
E. Hyde Carby
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Attorney for Defendant
Lesaffre Yeast Corporation

            s/Rhon E. Jones
            OF COUNSEL