IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACON and JENNIFER RICHARDS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:07-CV-163 |
| LESAFFRE YEAST CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER OF DEFENDANT DOMINIQUE CIBOULET**
**TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Dominique Ciboulet ("Mr. Ciboulet" or "Ciboulet") hereby answers the plaintiffs' Amended Complaint .

**FIRST DEFENSE**

As to the unnumbered paragraphs in plaintiffs' Amended Complaint, Mr. Ciboulet states as follows:

**Nature of Action**

Mr. Ciboulet admits that Lesaffre Yeast Corporation ("Lesaffre") owns and operates a yeast manufacturing plant in Headland, Alabama but denies the remaining allegations in this paragraph.

**Jurisdiction and Venue**

Mr. Ciboulet admits the procedural history of the case as stated in this paragraph.

**Parties**

With regard to the numbered paragraphs of plaintiffs' Amended Complaint, Mr. Ciboulet states as follows:

1. Mr. Ciboulet does not know whether plaintiffs are residents of Henry County, Alabama or whether any property owned by plaintiffs is located near the Lesaffre Plant; therefore Mr. Ciboulet denies these allegations. Mr. Ciboulet denies that plaintiffs' property has been affected in any way by any act or omission of Lesaffre or its employees.

2. Mr. Ciboulet admits that Lesaffre is a Delaware corporation doing business in Henry County, Alabama located at 13211 US Hwy 431 Headland, AL, 36345.

3. Mr. Ciboulet admits that he was the former plant manager of the Headland, Alabama and that he is an out-of-state resident.

**General Allegations**

4. Mr. Ciboulet admits that Lesaffre operates a yeast manufacturing facility in Headland, Alabama.

5. Mr. Ciboulet affirms that the yeast manufacturing process is designed to produce yeast. Mr. Ciboulet further affirms that Lesaffre operates its yeast manufacturing plant in compliance with applicable regulations and standards. Mr. Ciboulet denies the remaining portions of Paragraph 5.

6. Mr. Ciboulet admits that acetaldehyde is a by-product of yeast production and that it is a regulated substance. Mr. Ciboulet denies the remaining allegations of Paragraph 6.

7. Mr. Ciboulet admits that yeast production generates wastewater and that Lesaffre utilizes a land application process. Mr. Ciboulet further affirms that Lesaffre operates its yeast

manufacturing plant in compliance with applicable regulations and standards. Mr. Ciboulet denies the remaining portions of Paragraph 7.

8. Mr. Ciboulet denies the allegations contained in Paragraph 8.

9. Mr. Ciboulet denies the allegations contained in Paragraph 9.

10. Mr. Ciboulet denies the allegations contained in Paragraph 10.

11. Mr. Ciboulet admits that he was formerly the plant manager but denies the rest of the allegations contained in Paragraph 11.

### Count I - Nuisance

12. Mr. Ciboulet adopts and incorporates its responses to Paragraphs 1 –11.

13. Mr. Ciboulet denies the allegations contained in Paragraph 13.

14. Mr. Ciboulet denies the allegations contained in Paragraph 14.

15. Mr. Ciboulet denies the allegations contained in Paragraph 15.

16. Mr. Ciboulet denies the allegations contained in Paragraph 16.

### Count II – Negligence

17. Mr. Ciboulet adopts and incorporates its responses to Paragraphs 1-16.

18. Mr. Ciboulet denies the allegations contained in Paragraph 18.

19. Mr. Ciboulet denies the allegations contained in Paragraph 19.

20. Mr. Ciboulet denies the allegations contained in Paragraph 20.

21. Mr. Ciboulet denies the allegations contained in Paragraph 21.

22. Mr. Ciboulet denies the allegations contained in Paragraph 22.

### Count III – Wanton Conduct

23. Mr. Ciboulet adopts and incorporates its responses to Paragraphs 1 -22.

24. Mr. Ciboulet denies the allegations contained in Paragraph 24.

### Jury Demand

25. No response to Paragraph 25 is required.

### SECOND DEFENSE

All of the claims asserted by Plaintiffs fail to state a claim against Mr. Ciboulet upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs lack standing to bring some or all of the claims set forth in the Complaint.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by Alabama's rule of repose and/or prescription.

**FIFTH DEFENSE**

The claims asserted in the Amended Complaint are barred in whole or in part by the applicable statutes of limitations.

**SIXTH DEFENSE**

Some or all of the claims asserted in the Amended Complaint are barred by the doctrine of waiver or estoppel.

**SEVENTH DEFENSE**

Some or all of the claims asserted in the Amended Complaint are barred by the doctrine of laches.

**EIGHTH DEFENSE**

Mr. Ciboulet is not guilty of the matters and things alleged in the Amended Complaint.

**NINTH DEFENSE**

Some or all of the claims asserted in the Amended Complaint are barred by the doctrines of contributory negligence and assumption of the risk.

**TENTH DEFENSE**

Mr. Ciboulet owed no duty to Plaintiffs.

**ELEVENTH DEFENSE**

No action of Mr. Ciboulet was the proximate cause of any injury to Plaintiffs.

**TWELFTH DEFENSE**

No action of Mr. Ciboulet was the actual cause of any injury to Plaintiffs.

**THIRTEENTH DEFENSE**

Some or all of the claims asserted in the Amended Complaint are barred by coming to the nuisance doctrine.

**FOURTEENTH DEFENSE**

Plaintiffs failed to take reasonable steps available to mitigate the damages alleged to have been suffered and are, therefore, barred from recovery against Mr. Ciboulet.

**FIFTEENTH DEFENSE**

Plaintiffs are not entitled to recover the damages described in the Amended Complaint.

**SIXTEENTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrine of consent.

**SEVENTEENTH DEFENSE**

Imposition of punitive damages or damages for mental anguish in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

**EIGHTEENTH DEFENSE**

The procedure and methods utilized for awarding punitive damages and damages for mental anguish in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

**NINETEENTH DEFENSE**

Unless Mr. Ciboulet's liability for punitive damages and damages for mental anguish and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Mr. Ciboulet's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**TWENTIETH DEFENSE**

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr.

Ciboulet cannot be upheld, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate Mr. Ciboulet's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Mr. Ciboulet's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on such damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Mr. Ciboulet's due process and equal protection rights

guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate Mr. Ciboulet 's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish against Mr. Ciboulet cannot be upheld, because an award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Mr. Ciboulet 's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages and damages for mental anguish cannot be upheld, because an award of such damages under state law without the same protections that are accorded criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses and to a speedy trial would violate Mr. Ciboulet 's rights under the Fourteenth Amendment to the United

States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses and to a speedy trial, and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because they have failed to exhaust all administrative remedies.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims should be dismissed or stayed pursuant to the primary jurisdiction doctrine.

### TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any are sought in this case, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Lesaffre would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process of law.

### TWENTY-NINTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clauses of the United States and Alabama Constitutions.

### THIRTIETH DEFENSE

Any punitive damage award in this case may not exceed those limits set forth in Ala.

Code § 6-11-21, as amended. Mr. Ciboulet also pleads that any award of punitive damages against it must adhere to and comply with the provisions of Ala. Code § 6-11-21, as amended.

## THIRTY-FIRST DEFENSE

Plaintiffs have not joined the party or parties at fault for their alleged injuries. Mr. Ciboulet reserves the right to seek an allocation of fault.

/s/ Lana K. Alcorn
One of the Attorneys for
Lesaffre Yeast Corporation


OF COUNSEL:
William S. Cox (wcox@lightfootlaw.com)
Lana K. Alcorn (lalcorn@lightfootlaw.com)
E. Hyde Carby (hcarby@lightfootlaw.com)
**LIGHTFOOT, FRANKLIN
& WHITE, L.L.C.**
The Clark Building
400 20^(TH) Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (facsimile)

**CERTIFICATE OF SERVICE**

  This is to certify that on this 18th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rhon E. Jones, Esq.
Beasley Allen Crow Methvin
 Portis & Miles PC
P. O. Box 4160
Montgomery, AL 36103-4160

Spencer W. Danzey, Esq.
Guner & Petersen LLC
P. O. Box 608
Abbeville, AL 36310

            /s/ Lana K. Alcorn
            OF COUNSEL