IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MACON RICHARDS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-163-MEF |
| | ) | |
| LESAFFRE YEAST CORPORATION, | ) | (WO) |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

**I. INTRODUCTION**

On January 18, 2007, Macon and Jennifer Richards ("Plaintiffs'") filed suit against Lesaffre Yeast Corporation ("Lesaffre") and Dominique Ciboulet (collectively "Defendants") in the Circuit Court of Henry County, Alabama. On behalf of a class, Plaintiffs sought an unspecified amount of punitive and compensatory damages for injuries allegedly suffered by pollution from Lesaffre's Henry County plant ("the Lesaffre plant"). Plaintiffs bring claims for nuisance (Count I), negligence (Count II), and wantonness (Count III) relating to the Lesaffre plant's yeast production. On February 23, 2007, Defendants removed Plaintiffs' suit to the Middle District of Alabama.

This cause is before the Court on Defendants' Motion for Summary Judgment (Doc. #59) filed on April 10, 2009. The Court has carefully considered the arguments made in support of and in opposition to the motion, and for the reasons set forth below, the Court finds that the motion is due to be GRANTED.

## II. JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of different states and the amount in controversy requirement for subject matter jurisdiction is satisfied. (Doc. #20). The parties do not contest personal jurisdiction or venue, and the Court finds a sufficient factual basis for each.

## III. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by

presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## IV. FACTS AND PROCEDURAL BACKGROUND

The Court has carefully considered all depositions, affidavits, and other documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the nonmoving party, establish the following facts.

**A. Facts**

Defendants operate a liquid yeast plant on U.S. Highway 431 in Henry County, Alabama. Lesaffre's predessor, Columbia Yeast, originally built the plant and began operating in 1990. During the yeast production process, Lesaffre collects an odorous effluent separated from the yeast in holding ponds behind the plant.

Plaintiffs own land adjacent to the plant and built a house on their property in 1977. They contend that the plant began emitting foul odors in 1990-1991. In 1992, Macon Richards filed an official complaint with the Alabama Department of Environmental Management (ADEM) about the odors. Plaintiffs describe the odors as fluctuating in their frequency and strength over the years. At times, the smell is so strong that they cannot go outdoors. Other times, the smell does not prevent them from outdoor activities. Plaintiffs have not discerned a pattern to the occurrence or strength of the odors. Instead, they describe the odors as fluctuating in various degrees since the plant first operated in 1990.

**B. Procedural History**

In January of 2007, Plaintiffs initiated this lawsuit by filing a complaint in the Circuit Court of Henry County. (Doc. #1). Defendants promptly removed the case to this Court based on diversity jurisdiction. *Id*. Plaintiffs moved to remand this action back to state court on March 16, 2007, but the Court denied their motion in a Memorandum Opinion and Order issued on August 1, 2007. (Docs. #7, 20). Plaintiffs bring claims for

private nuisance, negligence, and wantonness under Alabama law. (Doc. # 1). They seek compensatory and punitive damages for injuries allegedly suffered by the odors emitted from Lesaffre's plant. *Id*.

## V. DISCUSSION

Defendants seek summary judgment only on Plaintiffs' nuisance claim. They argue that the doctrine of prescription bars the nuisance claim because Plaintiffs filed suit more than ten years after the nuisance began. In response, Plaintiffs argue that prescription does not bar their nuisance claim because the nuisance was not continuous in character or of the like kind and degree to satisfy the prescription doctrine. The Court finds that Defendants are entitled to summary judgment as to the nuisance claim because they had acquired a prescriptive right.

**A. Nuisance**

> Under Alabama law, a nuisance is
>
> anything that works hurt, inconvenience or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man.

ALA. CODE § 6-5-120 (1975). The statutory definition of "nuisance" codifies Alabama's common law on the matter. *Russell Corp. v. Sullivan*, 790 So. 2d 940, 951 (Ala. 2001). A nuisance can be public or private.

> A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A

5

> private nuisance is one limited in its injurious effects to one or a few
> individuals. Generally, a public nuisance gives no right of action to any
> individual, but must be abated by a process instituted in the name of the
> state. A private nuisance gives a right of action to the person injured.

ALA. CODE § 6-5-121.  Nuisance law is premised on the theory that "every man must so use his own property as not to interfere with that of his neighbor." *Union Cemetery Co. v. Harrison*, 101 So. 517, 519 (Ala. Ct. App. 1924).  In other words, if a defendant's actions intrude on a plaintiff's "interest in use and enjoyment of [his] property, the law of nuisance applies." *Boyce v. Cassese*, 941 So. 2d 932, 946 (Ala. 2006) (quoting *Borland v. Sanders Lead Co.*, 369 So. 2d 523, 529 (Ala. 1979)); *see also Rigsby v. Burton*, 305 So. 2d 366, 367 (Ala. 1974) (finding that property owners must use their property in a way that "is not a nuisance, nor otherwise a hazard to the safety and well-being of others"); *Fowler v. Fayco, Inc.*, 275 So. 2d 665, 669 (Ala. 1973) (stating that whether a defendant's activities are otherwise lawful and within the parameters set by regulatory agencies does not necessarily preclude a successful nuisance claim).

**B. Prescription**

The right to maintain a private nuisance may be acquired by prescription. *Stouts Mountain Coal & Coke Co. v. Ballard*, 70 So. 172, 174 (Ala. 1915).  "A cause of action for a private nuisance of like kind and degree, continuous in character, endured for ten years without remedial action, is forever barred by prescription." *Beam v. Birmingham Slag Co.*, 10 So. 2d 162, 165 (Ala. 1942).  A defense grounded on the passage of time must be judged from the date when the harmful results occurred, and a nuisance cause of

action does not arise until the harmful consequences are felt.  *City of Birmingham v. Leberte*, 773 So. 2d 440 (Ala. 2000) ("For an abatable nuisance the cause of action does not arise until the harmful consequences occur, and each occurrence or recurrence of such damages constitutes a separate cause of action."); *City of Clanton v. Johnson*, 17 So. 2d 669, 672 (Ala. 1944) (same); *Union Cemetery Co. v. Harrison*, 101 So. 517 (Ala. Ct. App. 1924) ("In cases of damages by nuisance it is considered that the injurious consequences resulting from the nuisance, rather than the act which produces the nuisance, is the cause of action, and hence it is held that the cause of action does not arise until harmful consequences occur.").  To establish a prescriptive right to maintain a nuisance, "the use must not only be open, adverse, and continuous, etc., but with the knowledge and acquiescence of the person whose right is invaded ... [a]nd the use must be such as to produce a uniform result during the period of adverse claim or holding." *Stouts Mountain Coal & Coke Co. v. Ballard*, 70 So. 172, 174 (Ala. 1915).

**C. Instant Case**

Plaintiffs claim that Defendants' actions created and maintained a nuisance under Alabama law.  (Doc. #1).  They allege that the Lesaffre's plant releases foul odors that cause a "material, substantial, and unreasonable interference" with the use and enjoyment of their property and that such damage would affect an ordinary, reasonable person. *Id.* at 7.  Defendants do not dispute that the Lesaffre plant's operation created a private nuisance.  Instead, Defendants argue that Plaintiffs' nuisance claim is barred by the

doctrine of prescription.

Plaintiff filed her Complaint on January 18, 2007.  To succeed on a prescription defense, therefore, Defendants must show that the Lesaffre plant's emissions were "open, adverse, and continuous ... with the knowledge and acquiescence of the person whose right is invaded" for a ten-year period beginning on or before January 17, 1997.  *Ballard*, 70 So. at 174.

Plaintiffs argue that the Defendants have not shown that the alleged prescription was continuous and maintained in the same manner for a ten-year period.  (Doc. #61, pg. 10).  Defendants, however, presented the Court with evidence that Plaintiffs knew of the nuisance since 1990.  Plaintiffs testified that the foul odors bothered them "ever since it [the Lesaffre plant] opened up" in 1990-1991.  (Doc. #59, Exhibit C, pg. 72).  In addition, Macon Richards filed an official complaint with the ADEM about the odors in 1992.  (Doc. #63, Exhibit A).  Therefore, no reasonable fact finder could find that Plaintiffs first experienced the nuisance after 1992.  *See Leberte*, 773 So. 2d at 441 (a nuisance cause of action arises when the harmful consequences are felt).

Defendants have also presented evidence that the harmful results were "of like kind and degree" throughout the period of the emissions.  *See Beam*, 10 So. 2d at 165.  Although Plaintiffs describe the odors as fluctuating in their strength and frequency over the years, they testified that the odors, when present, were as harmful in 1991 as they

were in 2008.  (Doc. #59, Exhibit C, pg. 76).[1]  The Court concludes that no reasonable fact finder could find that the harmful effect of Defendants' activity were not of the "like kind and degree" for a ten-year period.  Therefore, Defendants are entitled to summary judgment on Plaintiffs' private nuisance claim because Defendants acquired a prescriptive right to maintain the alleged nuisance in 2002, ten years after Plaintiffs first felt the harmful consequences of the nuisance.

## VI. CONCLUSION

Accordingly, it is hereby ORDERED that Defendants' Motion for Partial Summary Judgment (Doc. # 59) is GRANTED.

Done this the 11th day of August, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court is unconvinced by Plaintiffs' argument that it is "impossible" for them to experience harm of the "like kind and degree" when they were unaffected by the odor on some days and affected on others.  The law does not require that the nuisance be of the "like kind and degree" on a daily basis; it only requires that the nuisance be of the "like kind and degree" for a ten-year period.